## J. L. BALDWIN v. ELLIS RICHARDSON.

### Decided May 13, 1905.

**1.—Lease of Pasture—Damage—Extent of Injury.**

Where the action was by a lessee of a pasture for damages to the grass and his cattle caused by the turning into the pasture of other cattle, and it appeared that plaintiff's lease expired December 1, and that he had made no arrangements to winter his cattle there, his damages should have been limited to the grass to which he was entitled during the life of his lease, and he could not recover for the loss of winter pasture.

**2.—Same—Market Value of Grass.**

Upon the issue of the damages to the cattle caused by the destruction of the grass in the pasture it was error for the court to instruct that the jury might consider the market value of the grass.

**3.—Same—Set-off—Debt and Damages.**

Against plaintiff's claim for unliquidated damages defendant could not set-off a debt due him by plaintiff for pasturage in another pasture. Rev. Stats., art. 754.

**4.—Same—Damages not too Remote.**

Damage resulting from a depreciation in the market value of thoroughbred and high-grade cows by reason of being gotten with calves by common stock bulls was not too remote to be recovered.

**5.—Depositions Ex Parte—Evasive Answers.**

Evasive answers of a party to interrogatories propounded to him ex parte are not ground for taking the interrogatories as confessed where there is a reasonable explanation showing that there was no deliberate refusal to answer, as that the party interrogated wished, before answering, to consult his counsel who was then elsewhere engaged, and the notary insisted upon immediate answers.

Appeal from the County Court of Jones. Tried below before Hon. J. B. Thomas.

*H. G. McConnell* and *C. C. Ferrell,* for appellant.

*C. H. Steele* and *Webb & Hill,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Ellis Richardson sued J. L. Baldwin in the County Court to recover damages to certain cattle and grass in a small pasture, by reason of the latter's wrongfully turning into such pasture a number of cattle. Upon a trial there was a verdict and judg-

ment in Richardson's favor for the sum of $12.60. Both parties have appealed, and assigned errors which require a reversal of the case.

There was error as against appellant Baldwin in the court's charge wherein the jury were authorized to return a verdict against him in the event "that plaintiff had said pasture stocked with a number of high grade cattle and had grass on it suitable for wintering said cattle, and that plaintiff had arranged to winter his said cattle upon said grass," etc., in that we find no evidence whatever in the record to authorize the court to submit such issue. It is undisputed that Richardson's lease expired on December 1, 1902, and seems also to be undisputed that he had made no arrangements whatever to winter his cattle in such pasture. The charge clearly authorized a recovery by Richardson for the destruction of the winter pasture in which he is not shown to have any interest. The extent of his right to recover in this particular appears to be for the destruction of the grass to which he would be entitled during the life of his lease.

There was also error as against appellant Baldwin in the court's charge upon the measure of damages in respect to the item of injury to the plaintiff's cattle, wherein the jury were told that should they find in favor of plaintiff on this issue, "that in arriving at the amount of damages on this item, if any, the jury have a right to consider from the evidence the market value of the grass destroyed or injured, if any," etc., because this is to confuse the market value of the grass destroyed with the loss in the value of the cattle, and in view of the remaining parts of the charge authorizing the recovery for grass destroyed, would tend to authorize a double recovery to the extent of the value of the grass. We apprehend the court meant no more than that the jury might consider the grass in determining whether or not its destruction really had the effect upon plaintiff's cattle contended for by him. But if so, the thought certainly is not aptly expressed, and the language is well calculated to mislead the jury.

There was no error in refusing the motion to have taken as confessed the interrogatories propounded ex parte by Baldwin to Richardson. While, of course, the answers, if answers at all, are evasive, yet under the explanation given it can not be said that there was a deliberate refusal to answer. Bounds v. Little, 75 Texas, 316. Richardson's explanation that he desired to consult his attorney who was shown to be busily engaged in conducting a funeral, coupled with the further fact that the notary insisted upon immediate answers, seems reasonable.

Neither was there error in sustaining the special exception to Baldwin's answer setting up a balance of $2.25 due him by Richardson on a settlement for pasturage in a different pasture. Richardson's cause of action being a claim for unliquidated damages founded on a tort, and the item claimed as a setoff being a debt, it was properly stricken out. Sayles' Civ. Stats., art. 754.

As to Richardson's appeal, the court committed error against him in excluding from the jury the testimony of the witnesses Richardson and Lynch, to the effect that during the time Baldwin's cattle were in the pasture they came in contact with Richardson's cattle and some of his thoroughbred and high grade cows were gotten with calves by the common stock bulls belonging to Baldwin, whereby the market value

of such cows became reduced. It is objected that this is too remote to constitute the basis for a recovery. But we think otherwise. The chief value of a thoroughbred or high grade cow lies in her breeding qualities. Any act affecting this quality necessarily affects her value. If after these cows came in contact with scrub bulls they were worth less on the market, we see no just reason for holding this depreciation in value to be too remote. The lessened value is certain and definite. It is not a case of seeking to recover the value of prospective offspring, as was the case of Claunch v. Osborn, 23 S. W. Rep., 937, relied upon in support of the court's ruling. The loss in this latter case is certainly more remote than the one under consideration.

The judgment of the County Court will therefore be reversed and the cause remanded with the costs of appeal divided equally between the parties.

*Reversed and remanded.*