JOHNSON v. PHILLIPS PETROLEUM CO.

No. 4574.

Court of Civil Appeals of Texas. Amarillo.

April 6, 1936.

Lackey & Lackey, of Stinnett, for appellant.

Don Emery, T. L. Dyer, R. K. Batten, and W. J. Loftus, all of Amarillo, for appellee.

JACKSON, Justice.

This is a damage suit instituted by plaintiff, Jack Johnson, against the defendant, Phillips Petroleum Company, a corporation.

The plaintiff alleged that during the year 1934 he owned a grazing lease covering sections 155, 156, 179, 180, and the east one-half of 181, block 3-T, in Moore county, Tex. That the land was fenced, sodded with good grass, supplied with sufficient water by a creek and wells to constitute a pasture well adapted and sufficient for grazing and pasturing 187 cows and 160 calves which he placed thereon.

That during the year 1934 the defendant entered said pasture and began to drill an oil and gas well thereon, and at the same time was drilling another oil and gas well near the west line thereof. That it placed pipes, machinery, boilers, engines, a derrick, and much other equipment in the pasture which it used in drilling the well therein. That in hauling said equipment to the well site on plaintiff's grazing lease the defendant made new roads through the pasture by which the sod was injured and the grass destroyed around the well site and along such roads. That the defendant laid a pipe line from the well near the west line through which it carried gas to drill the well located in his pasture. That the gas passing through such line made a noise which kept his cattle from grazing near or crossing the line to get water or to graze.

That in addition to the destruction of the grass, the noise of the drilling machinery, the trucks, and the gas in said pipe line so disturbed, annoyed, and frightened his cattle that they failed to thrive, grow, and gain in flesh as they would have done but for the conduct of the defendant, its agents, and employees, in taking possession of and using said pasture in the manner aforesaid, and resulted in damaging his cattle in the sum of $4 per head.

That the defendant killed one of his cows of the market value of $33, and crippled two other cattle, thereby diminishing their market value in the sum of $30, left his gates open and his fences down through which some of his cattle escaped, and he was required to expend in repairing the gates and fence and returning the cattle to the pasture the sum of $125.

That such acts and conduct were in utter disregard of plaintiff's rights, were negligently done, and were the proximate cause of plaintiff's damages.

The defendant answered by general demurrer and general denial.

At the conclusion of the testimony the court directed a verdict in behalf of defendant, from which action this appeal is prosecuted by writ of error.

It was not essential that the petition of the plaintiff set out the proper legal measure of damages. 13 Tex.Jur. para. 170, pp. 314, 315. He was entitled to recover a sum of money which would fairly compensate him for the injuries to his cattle resulting from the wrongful and negligent acts of the defendant [Shell Petroleum Corp. v. Svrcek (Tex.Civ.App.) 37 S.W.(2d) 297]; which would include the failure of the cattle to gain weight because frightened and disturbed [Panhandle & Santa Fe Ry. Co. v. Williams (Tex.Civ.App.) 38 S.W.(2d) 880, 881], and because of the destruction of the grass [Claunch v. Osborn (Tex.Civ.App.) 23 S.W. 937; Baldwin v. Richardson, 39 Tex. Civ.App. 406, 87 S.W. 746].

It is not contended that the plaintiff had no grazing lease on the land described in his petition, or that his pasture was not well fenced, or that it did not contain sufficient water and grass to maintain the cattle so they would grow and gain weight.

It is uncontroverted that appellee had an oil and gas lease covering section 179 and the southwest one-fourth of section 156 in plaintiff's pasture. The oil and gas lease authorized the defendant to enter upon the land described therein for the purpose of mining, operating for oil and gas, laying pipe lines, building tanks, power stations, telephone lines, and structures to produce, take care of, and market the production. The lease prohibited the defendant from taking water from the wells of the owner of the land from whom appellant acquired his grazing lease.

The plaintiff's testimony tends to show that the gas passing through the pipe line from the oil and gas well west of his pasture to the oil and gas well situated thereon caused a roaring noise across which the cattle for some time would not voluntarily go and near which 'they would not graze; that there were numerous roads, from 30 to 80 feet in width, made across his pasture by the defendant's trucks and the automobiles of its employees; 'that these roads extended beyond the lands held under lease by the defendant on, to, and through his pasture; that the grass along these roads was destroyed, and the noise and operation of the trucks and automobiles frightened and disturbed his cattle, interfered with their grazing and watering, and as a result each of said cattle weighed less by 50 pounds

and the market value of each animal was reduced in the sum of $2.50 below what it would have been but for such destruction of the grass and disturbance of his cattle; that the defendant's agents and employees left his gates open and his fences down, some of his cattle escaped, and on account of the expenses connected therewith he was damaged in the sum of $125; that one cow of the value of $33 was killed by the defendant, and two were crippled and the market value of each, by reason of such injuries, was reduced in the sum of $15; that defendant's agents and employees made an average of two trips a day in trucks and automobiles from the oil and gas well site in his pasture to his water well, from which they secured water, and in making these trips passed over land on which the defendant had no lease.

It is settled law that it is reversible error for the court to direct a verdict, "if, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff." Jackson v. Langford (Tex.Civ.App.) 60 S.W.(2d) 265, 267, and authorities cited.

Under the law, we are required to discard all controverting testimony and give credit to all the testimony favorable to the plaintiff, and when we so apply the law to the record in this case, it is our opinion that the court erred in directing a verdict against the plaintiff.

While the defendant had the right to enter upon the land covered by its lease, and place and operate thereon the necessary machinery and trucks for developing its lease as and for the purpose therein authorized, any entry upon other lands in plaintiff's pasture with trucks and automobiles, destroying the grass, frightening the cattle, and securing water from plaintiff's water well, leaving the gates open and the fences down, was unlawful and constituted a trespass, and defendant was liable for any damages resulting therefrom.

"Every unauthorized entry is a trespass, regardless of the degree of force used, even if no damage is done, or the injury is slight, and gives rise to a cause of action for nominal damages at least. It will be presumed that injury resulted even if

it was no more than the trampling of the herbage. It is immaterial that the entry was made in the course of defendant's operations on adjoining land, although to prevent injury to plaintiff's property, or under bona fide claim of right." 63 C.J. para. 13, p. 895.

The judgment is reversed and the cause is remanded.