**RHONE v. FOX et al.**

No. 8963.

Court of Civil Appeals of Texas. Austin.

July 3, 1940.

Rehearing Denied July 24, 1940.

Baker & Baker, of Coleman, for appellant.

Callaway & Callaway, of Brownwood, for appellee.

BAUGH, Justice.

Appeal is from a judgment, based upon jury answers to special issues, in favor of Fox against appellant for damages for personal injuries to his wife and minor son, resulting from an automobile collision on a state highway a few miles west of Brownwood, on June 23, 1938. The grounds of negligence alleged, in the main, were violation of penal laws by appellant in operating his automobile upon a public highway proximately causing the injuries sustained. The appellant Rhone, among other things, pleaded as contributory negligence violation by Fox of the law of the road in that he did not have the lights on his own car burning at the time of the collision. The statute involved is Art. 801, Penal Code 1925.

Three cars were involved. They will be designated as the Rhone car, owned and driven by Rhone; the Fox car, owned and driven by plaintiff; and the Bowden car, owned and driven by Bowden.

The issues submitted and the jury's answers thereto embodied the controlling facts. The first of these issues was: "Do you find and believe from a preponderance of the evidence that the defendant, George D. Rhone, attempted to pass the Bowden car from its rear at a time when said Bowden car and the plaintiff's car were passing each other while traveling in opposite directions?" To this issue the jury answered, "Yes."

In answer to the third special issue they found that Rhone turned to his left "and attempted to pass the Bowden car at a time when his left-hand side of the highway was not clear and unobstructed for a distance of at least fifty yards ahead."

In answer to the fifth special issue they found that Rhone "failed to keep a proper lookout ahead as he approached and attempted to pass the Bowden car on the highway."

These three issues presented the plaintiff's grounds of recovery. The seventh and ninth special issues presented Rhone's grounds of defense. In answer to the seventh special issue the jury found that it was not more than thirty minutes after sundown when the collision occurred. It was admitted Fox did not have the head lights on his car burning. And in answer to the ninth special issue they found that the collision was not the result of an unavoidable accident.

A reference to the provisions of Art. 801, P.C., without setting them out here, will readily disclose the applicability of the statute to the facts related in the issues submitted.

Appellant's first contention is that special issue No. 1, above quoted, was upon the weight of the evidence and assumes that the Bowden and Fox cars were passing each other when Rhone attempted to pass the Bowden car. This contention is obviously without merit. The uncontroverted evidence showed that the collision actually occurred right opposite the front end of the Bowden car; and Rhone's own testimony was that when he pulled out from behind the Bowden car and came even with it in passing, he first saw the Fox car only about fifteen or twenty feet away. The uncontroverted facts, we think, showed a violation of the statute. Manifestly the language of the statute, "two vehicles which are passing each other in opposite directions," etc., art. 801, cannot be so strictly construed as to apply only at the very instant they are actually opposite each other. Manifestly it means, vehicles in the process of passing each other, immediately before and after their actual juxta position on the highway. This is clearly demonstrated by the provision immediately following in the same paragraph of the statute, forbidding one car to pass another from the rear, going in the same direction, unless the road on the left which must be used in such passing, is clear and unobstructed for a distance of at least fifty yards ahead.

The next contention made complains of the conditional submission of special issue No. 2 on the ground that it informed the jury of the effect of their answer to special issue No. 1.

Preceding issue No. 2, the court instructed the jury: "If you have answered Issue First 'Yes' and only in that event you will answer this," followed by the question whether the facts so found were a proximate cause of the collision. To this the jury also answered in the affirmative. The same contention is made as to special issues 4 and 6, submitted in the same manner.

544

This exact question was presented to, considered, and overruled by, the Court of Civil Appeals in Gray v. Adolph, 117 S.W.2d 122, writ refused, and need not be further discussed here. See also 41 Tex. Jur., § 290, p. 1136, and cases cited in support of the text.

The other contentions, variously raised, attack the jury findings of appellant's negligence as not being supported by the evidence; and. the findings against the defenses pleaded and submitted, as being contrary to the evidence. The evidence, without reviewing it here, was amply sufficient to sustain all of said findings. The most that can be said is that Rhone's testimony, and that of the passenger in the car with him at the time, was in some respects, but not in all, in conflict with that of appellee, and of Bowden and other disinterested witnesses on the facts involved. The jury resolved the conflicts in favor of appellee, which concludes the matter here.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.