## WESTERN UNION TELEGRAPH CO. v. SLIGAR.

### No. 2360.

Court of Civil Appeals of Texas. Eastland.

May 7, 1943.

Rehearing Denied June 4, 1943.

Francis R. Stark, of New York City, and Darroch & McCartney, of Brownwood, for appellant.

E. J. Miller, of Brownwood, for appellee.

LESLIE, Chief Justice.

J. C. Sligar instituted this suit against the Western Union Telegraph Company for damages alleged to have accrued to him by reason of that Company's negligence in failing to transmit and deliver to him a telegram advising him of his mother's death and the date of her funeral, which he would have attended had he received the message, etc. The defendant answered by general denial, and specially alleged different grounds of contributory negligence. The trial was before the court and jury, and the answers of the latter to special issues convicted the defendant of negligence, awarded plaintiff a judgment for $1,500, and acquitted the plaintiff of contributory negligence. Judgment was entered accordingly, and the Company appeals.

The telegram was delivered to appellant about 8 A. M., Monday, April 6, 1942. The mother was 84 years of age and had been sick for about 30 days. She died at 11:20 P. M., April 5, 1942. The plaintiff had been at his mother's bed side from Sunday, March 29th until Thursday, April 2nd. The testimony shows he was anticipating his mother's early death, and that before leaving her on that Thursday he discussed her funeral arrangements with other members of the family.

It will serve no useful purpose to discuss the details of this case. Suffice it to say, but for the errors for which the judgment is hereinafter reversed, the judgment would in all things be affirmed.

Appellant's points 4 to 11, both inclusive, are grouped and considered together. Said points each and all complain of the manner in which the court submitted appellant's issues of contributory negligence. Three separate defenses of contributory negligence were pleaded, namely: (1) That the plaintiff was negligent in failing to notify the defendant that he was expecting a telegram in regard to his mother's death; (2) that the senders of the telegram negatively failed to give defendant's employees at Lubbock full and sufficient address of the plaintiff at Brownwood, Texas; and (3) that the senders of the telegram negatively failed, after sending the same, to inquire if it had been delivered.

The Court submitted the first or basic issue of each of these theories unconditionally, but in submitting the supporting issues as to whether such basic fact constituted negligence and whether or not such negligence, if any found, was the proximate cause of the failure to deliver the telegram, the court instructed the jury as follows: "If you have answered Special Issue No. ——— (the basic issue) 'yes', and only in that event, then you will answer the following special issue:" (i.e., Was it negligence or was it proximate cause, etc.)

Each ground of contributory negligence was presented in that way to the jury, and the appellant raises the issue by separate points that the quoted instruction was an improper conditional submission of its issues, and improperly advised the jury as to the effect of their answers.

We overrule these points upon the following authorities: Gray v. Adolph, Tex.Civ.App., 117 S.W.2d 122 (writ ref.); Rhone v. Fox, Tex.Civ.App., 142 S.W.2d 542; Perkins v. Nevill, Tex.Com.App., 58 S.W.2d 50; Continental Oil Co. v. Barnes, Tex.Civ.App., 97 S.W.2d 494; Millerman v. Houston & T. C. R. Co., Tex.Civ.App.,

27 S.W.2d 897; Traders & General Insurance Co. v. Nunley, Tex.Civ.App., 82 S.W.2d 715; Western Indemnity Co. v. Corder, Tex.Civ.App., 249 S.W. 316; Kadane et al. v. Clark, Tex.Civ.App., 134 S. W.2d 448; 41 Tex.Jur. p. 1136, § 290 et seq.; 16 T.L.R. 383 et seq.

Points 12 to 18 have been duly considered and believed to be without merit and are overruled.

Appellant's points 1, 2 and 3 will in a sense be considered together. Point 1 raises the question of excessive verdict, which was in the sum of $1,500.

In presenting the case to the jury, the plaintiff's counsel argued that "what you put as a value of plaintiff's suffering depends on your own regard for your mother." This argument is challenged by point 3.

To our minds that argument amounted to a direct appeal to the jury to consider the case and especially the amount of the verdict from an improper viewpoint. It was a plea for a verdict based on the love and affection which each juror entertained for his own mother, rather than a plea for verdict based on the testimony adduced from the witness stand. Clearly such verdict and the size thereof should rest exclusively upon the testimony, and not the suggested consideration. With such an appeal, so recently made by the attorney of ability and prestige, a jury would hardly dare to refuse the plaintiff a sizeable verdict, much less return a verdict denying any recovery at all—for to do either would demonstrate (in the logic of the argument) that such juror held little or no "regard" for his own mother.

The appeal was a direct challenge to each juror's personal regard for his mother, applied an unwarranted test for the measure of damages, and was necessarily harmful. In the light of all the testimony the appeal evidently registered its effect in the size of the verdict returned. While it is not an invariable criterion or test, the verdict is not in line with verdicts generally approved by courts in this character of case, where a son or daughter has been denied the privilege of attending a parent's funeral.

Further, we are of the opinion that the harmful effect of the argument was not removed by the court's instructions to the jury not to consider the same. The effect of such an appeal is not so easily eliminated, notwithstanding the diligence of the trial judge in his endeavor to present a record free from error. As a consequence of the argument probable injury is affirmatively established.

For the reasons assigned the judgment of the trial court is reversed and the cause remanded.