**MONTGOMERY v. GAY.**

No. 14956.

Court of Civil Appeals of Texas.
Fort Worth.

July 9, 1948.

942

Smoot & Smoot and Edgar M. Mann, all of Wichita Falls, for appellant.

Bullington, Humphrey & Humphrey, Frank Ikard and Lee · Humphrey, all of Wichita Falls, for appellee.

HALL, Justice.

Appellee, Otis Gay, sued appellant, Charlotte Montgomery, a feme sole in a District Court of Wichita County, Texas, alleging as a cause of action an open account due him from appellant by reason of an oral contract entered into, wherein appellant was to pay appellee for cleaning out an oil well the sum of $7.00 per hour actual work and $3.50 per hour for shut-down time, said shut-down time not to exceed $28.00 per day; that appellee worked 92 hours on said well, using his equipment and that he had four shut-down days, making a total due him of $761.00  He alleged further that the $7.00 per hour and the $3.50 per hour waiting time was the usual and customary charge made by persons engaged in similar work in that vicinity.

Appellant in her answer generally denied the allegations of appellee and specifically plead and testified that the oral agreement between her and appellee was to the effect that the amount to be paid to appellee would not exceed the sum of $300.00, that appellee was to complete a turn-key job for such amount; that she did not agree to pay $7.00 per hour.  She tendered into court said $300.00.

There were five issues submitted to the jury.  In answer to No. 1 they found that appellant agreed to pay appellee by the hour for his work on said well; to No. 2 that appellant agreed to pay appellee the usual and customary price for said work; to No. 3 they found that $7.00 per hour was the usual and customary price per hour for the work performed; and to No.4 they found that appellee had worked on appellant's well 92 hours.  No. 5 was submitted as follows:

"If you have answered Special Issue No. 1 'Yes', you need not answer this issue; but, if you have answered same 'No', then answer this issue.

"Do you find from a preponderance of the evidence that Plaintiff, Otis Gay, entered into an agreement with Defendant, Mrs. Montgomery, to clean out and cement the well in question for a stipulated amount, not to exceed the sum of $300.00?

"Answer 'Yes' or 'No.'

"Answer———."

Upon such jury findings the court entered a judgment for appellee and against appellant in the sum of $644.00 plus interest of six per cent from date of judgment. To which action of the court this appeal has been perfected by appellant, complaining in her points 1, 2, 3, 4, 5, 7, and 9, that the trial court erred in the way and manner it submitted issues one through four because appellee had plead a contract and that the case was submitted on quantum meruit; that the issues were wholly unsupported by the evidence; that the issues were in conflict and no judgment could be entered thereon.

As we interpret appellee's evidence, it is altogether to the effect that appellant contracted to pay him the sum of $7.00 per hour for the work to be done, rather than the usual and customary charge for such work. The issues submitted by the court on the contrary did not inquire whether appellant contracted to pay $7.00 per hour for said work. The case was submitted on the theory that she agreed to pay the usual and customary charge. The issues submitted, therefore, did not correspond with the theory of recovery presented by appellee's testimony. Upon another trial the issues submitted to the jury should correspond with the pleadings and proof, whatever they may be.

Appellants' points Nos. 6 and 8 are of a more serious nature; they are as follows:

Point 6. "The error of the trial court in submitting Special Issue No. 5 conditioned upon a negative answer to Special Issue No. 1, since defendant was entitled to an affirmative and unconditional submis-sion of her grounds of defense and theory of the case embodied in such Special Issue No. 5."

Point 8. "The error of the trial court in so framing the charge and Special Issues therein as to indicate to the jury the effect of their answers thereto and the result of the same upon the judgment to be rendered thereon."

In due time appellant filed, among other exceptions and objections to the charge, the following:

"Defendant objects and excepts to the charge as a whole for the reason that it does not fairly present both sides of the controverted issues; and it conditions the answer to the special issue presenting defendant's defense upon the answer to those presenting plaintiff's grounds of recovery, for which reason it is not an affirmative submission of plaintiff's defensive issues.

"The defendant objects and excepts to Special Issue No. 5 for the reason that it is submitted conditionally and dependent upon a negative answer to plaintiff's Special Issue No. 1, and subordinate to such Special Issue No. 1 and the answer thereto; while this defendant is entitled to an affirmative and unconditional submission of her vital and controlling issue and defense inquiring whether the plaintiff has agreed to clean out and cement the well in question for a stipulated amount of not to exceed $300.00."

We find the court erred in not sustaining the above objections and exceptions leveled at the charge. By answering issue No. 1 in the affirmative and under the conditional charge set out in the preamble to issue No. 5, the jury was completely denied the right to answer appellant's affirmative defense. The jury could have answered issue No. 1 in the affirmative and also issue No. 5 in the affirmative.

It is the law in this state that "a conditional submission is not ordinarily proper when it deprives the defendant of his right to an affirmative submission of a main defensive issue in rebuttal of plaintiff's claim—a right which cannot be defeated by findings on other issues that indirectly negative a finding in the defendant's favor on such defensive issue. But this is

said not to be the rule when findings on other issues necessarily negative the defensive issue. Nor is it the rule where the evidence is insufficient to raise the defensive issues. * * *" 41 Tex.Jur., p. 1129, sec. 286.

This case does not come under the two exceptions just enumerated. There was no limitation placed on the total amount of recovery in any of the first four issues that could be construed to be consistent with appellant's theory of the case and there is sufficient evidence to raise appellant's defensive issue.

The defendant is entitled to have a submission of affirmative issues even though the issues submitted upon the plaintiff's theory of the case may by implication negative such defensive issues. It is not sufficient to say that the findings on plaintiff's issues submitted could amount to a finding on the defensive issues which were neither submitted or if submitted were not allowed to be answered by the jury. The error is committed at the time of the submission and not after the findings of the jury have been determined and tabulated, and as stated by the Commission of Appeals in Greer v. Thaman, Tex.Com.App., 55 S.W.2d 519, and quoted by 41 Tex.Jur., p. 1118, "in order to accord each party a fair trial, our rules require that the theories of each party be directly submitted where raised by the evidence, and this right cannot be lost or defeated by jury findings on other issues, which, in effect, indirectly negative a favorable finding on an issue not submitted, but raised by the evidence." Adams v. Corder, Tex.Civ.App., 205 S.W.2d 608; Dixie Motor Coach Corp. v. Galvan et ux., Tex.Com.App., 86 S.W.2d 633; Hargrave v. Texas & P. Ry. Co., Tex.Com.App., 12 S.W.2d 1009; Schuhmacher Co. v. Holcomb, 142 Tex. 332, 177 S.W.2d 951; Texas Employers Ins. Ass'n. v. Patterson, 144 Tex. 573, 192 S.W.2d 255; Texas Indem-

nity Ins. Co. v. Thibodeaux, 129 Tex. 655, 106 S.W.2d 268; Traders & General Ins. Co. v. Lincecum, Tex.Civ.App., 126 S.W.2d 692; Traders & General Insurance Co. v. Shanks, Tex.Civ.App., 83 S.W.2d 781, writ refused.

Appellant had a right to have her affirmative defensive issues submitted and passed upon by the jury, even though the jury's answers might have conflicted with their answers to other issues. Singer Iron and Steel Co. v. Republic Iron Metal Co., Tex.Civ.App., 80 S.W.2d 1037.

In this case special issue No. 1 was not a determinative issue within itself upon which judgment may have been rendered. In a case where one or more issues are completely determinative by the kind of judgment to be rendered it is the rule that the court may direct the jury to answer other issues only if they find such completely determinative issue or issues in a certain way. Harris v. Thornton's Department Store, Tex.Civ.App., 94 S.W.2d 849.

The submission of special issue No. 5, conditioned as it was upon the negative answer to special issue No. 1, was not open to the objection to the court's charge asserting that it informed the jury of the effect that the answer would have upon the judgment to be entered. This contention is presented by appellant's eighth point of error. We overrule it in the form presented. Ineeda Laundry v. Newton, Tex. Civ.App., 33 S.W.2d 208; Western Union Telegraph Co. v. Sligar, Tex.Civ.App., 173 S.W.2d 220. However, this question will not arise again in the trial of this case since the conditional preamble to issue No. 5 will not be submitted.

Finding that appellant was deprived of her right to have her defensive issues affirmatively submitted and passed upon by the jury, the case is reversed and remanded for a new trial.