**PHARR v. COLDEWAY.**

No. 6225.

Court of Civil Appeals of Texas.   Amarillo.
May 19, 1952.

Homer Pharr and T. R. Odell, Lubbock, for appellant.

Crenshaw & Marbut, Lubbock, for appellee.

PITTS, Chief Justice.

This is a suit for damages by reason of an automobile collision occurring about 10:45 a. m. o'clock on April 10, 1951, in the City of Lubbock, Lubbock County, Texas. Appellee, Leroy Coldeway, instituted this suit against appellant, Lee Pharr, for property damages in the sum of $662.25 as a result of the said collision.

Appellee pleaded among other allegations that appellant was guilty of negligence that proximately caused the collision which resulted in appellee's property damages by reason of appellant's operating his automobile at an excessive rate of speed under the existing conditions and circumstances, by reason of his failure to keep a proper lookout at the time and place of the collision and by reason of his failure to have his automobile under proper control at the said time and place. The record reveals that appellee had been operating his 1949 Chevrolet automobile traveling west on 19th Street but had stopped at a street intersection and was preparing to make a left turn into Boston Avenue when the left front part of appellant's 1949 Mercury automobile collided with the right rear part of appellee's Chevrolet while appellant was operating his Mercury west on 19th Street following appellee. The case was tried to a jury which found in answer to special issues submitted that appellant was guilty of three separate acts of negligence, namely: (1) by reason of driving at an excessive rate of speed under the conditions and circumstances then and there existing, (2) by reason of his failure to keep a proper lookout at the time and place in question and (3) by reason of his failure then and there to have his automobile under proper control. The jury further found that each of the said three separate acts of negligence was a proximate cause of the collision that resulted in appellee's property damages, which the jury likewise found to be the sum of $662.25. The jury also exonerated appellee of any negligence by finding that he did not fail at the time and place in question to give a signal indicating his intention of turning to the left and that he did not stop suddenly without giving any previous warning of his intentions. The jury further found that the said collision was not the result of an unavoidable accident. Upon the verdict of the jury the trial court rendered judgment accordingly for appellee from which judgment appellant perfected his appeal.

Appellant has challenged the jury verdict and the trial court's judgment upon the

grounds, in effect, that there was no evidence heard that would support either of them. He therefore charges that the trial court erred in refusing to sustain his motion for a peremptory instruction and has further challenged the submission of issues concerning negligence of appellant.

It must be conceded that appellee had the burden of establishing his alleged charges of negligence by appellant. However, in considering the question of the sufficiency of the evidence to sustain the jury findings and a judgment based thereon, this court is required to disregard all evidence adverse thereto and consider only the evidence favorable to the said findings, indulging every legitimate conclusion which tends to uphold such findings. Barrick v. Gillette, Tex.Civ.App., 187 S.W.2d 683, and other authorities there cited. In the case of Johnson v. Phillips Petroleum Co., Tex.Civ. App., 93 S.W.2d 556, this court held that it would be reversible error to direct a verdict for defendant if, after discarding all adverse evidence and giving credit to all evidence favorable to plaintiff, indulging every legitimate conclusion deducible from the evidence heard in his favor, a jury might have found in favor of the plaintiff. The evidence reflected by the record before us must be examined in the light of these well-known rules of law.

The record reveals that 19th Street in the City of Lubbock where the collision occurred had six lanes with a center stripe dividing it, leaving three lanes on each side of the stripe to accommodate traffic moving thereon in opposite directions. The record further reveals that there were no light signals at the intersection of 19th Street and Boston Avenue but that the said intersection at the point where the two automobiles collided was within a 30 miles per hour maximum speed limit zone. On the occasion of the collision and just prior thereto appellant was following appellee and had been for two blocks as they both proceeded west on 19th Street through congested traffic moving both ways on the said street. Appellee testified that while he was a half a block from the said street intersection he gave a left turn signal with his arm, then paused as he approached the Boston Avenue intersection to let eastbound traffic pass, turned his front wheels immediately thereafter to proceed to the left when the left front part of appellant's automobile collided with the right rear part of appellee's automobile, thus causing the damages sued for. Appellant was driving close behind appellee and had observed his moving automobile ahead of him for a distance of two blocks before reaching the point of collision but he testified he did not see appellee's left turn signal. When he saw appellee's automobile stop in front of him at the street intersection, appellant quickly turned to his right and tried to pass to the right of appellee's automobile but failed to clear it. The force of the impact drove appellee's automobile across the south side of 19th Street and into Boston Avenue. In doing so it turned the same completely around once and it was found standing upright facing southeast. Appellant's automobile moved to the right and off of the pavement on the north side thereof, leaving skid marks that measured 66 feet long. Appellee was not personally injured while appellant received a head injury over his left eye. City patrolmen reached the point of collision immediately after it occurred, examined the grounds and existing conditions and made their report of the facts and existing conditions as learned by their inquiries and observations there made. One of the patrolmen, Robert Brasher, testified as an experienced patrolman concerning the existing physical facts. He likewise testified that appellant told him that he was driving between 30 and 35 miles per hour at the time of the collision. Appellant testified that he did not remember making such a statement to the patrolman and he then as a witness estimated his speed rate at 25 to 27 miles per hour at the time of the collision. However, it was within the province of the jury to determine which statement was correct.

It has been held that an issue of negligence or a jury question can be presented without positive or direct testimony in support thereof. Such may be presented in whole or in part from inferences and from the existence of physical facts and circumstances that have a tendency to es-

tablish negligence and its effective results. Richardson v. Dallas Ry. & Terminal Co., Tex.Civ.App., 198 S.W.2d 475, and other authorities there cited. In the Richardson case the rule of law was clearly stated with approval although it did not there apply.

A verdict may be directed for defendant if and when plaintiff fails to present evidence of probative force in support of material facts essential to his right to recover. However, in the case at bar, there is uncontroverted evidence to the effect that both automobiles were travelling west on 19th Street when the collision occurred on a busy street intersection where much traffic was moving east and west on 19th Street. While moving through the congested traffic, appellant was following appellee at a distance of 25 or 30 feet behind appellee and was driving at a rate of speed anywhere from 25 to 35 miles per hour when the collision occurred. Appellee testified he gave a left turn signal by extending his arm as he approached the street intersection and there paused to turn left. When appellee stopped, after giving the left turn signal, to permit the eastbound traffic on 19th Street to pass, the collision occurred. Appellant's automobile was making enough speed at the time of the collision to show skid marks on the pavement for a distance of 66 feet before it stopped by reason of the application of his brakes. The force of the impact drove appellee's automobile across the three south lanes of 19th Street into Boston Avenue, turning the same completely around before it came to a stop. Appellant testified that he did not see appellee give a signal for a left turn but there is no evidence of anything to obstruct his view from such a signal. In view of these facts and circumstances it is our opinion that there was sufficient direct evidence, strongly supported by physical facts, to justify the submission by the trial court of the issues concerning excessive speed rate of appellant under the existing conditions and circumstances, his failure to keep a proper lookout at the time and place in question, and his failure to have his automobile under proper control at the time and place of the collision. It is our opinion further that the evidence is likewise sufficient to support the findings of the jury concerning the said issues of negligence. Appellant's points to the contrary are therefore overruled.

Appellant further complains about the form of the three issues propounded by the trial court to the jury inquiring about certain acts of appellant, or his failure to act, which the jury later found constituted negligence and appellant charges that the issues, as drawn and submitted, were upon the weight of the evidence. Rule 274, Texas Rules of Civil Procedure, require a party objecting to a court's charge, or any part of it, to point out distinctly the matter about which he objects as well as the grounds upon which the objections are made. Dean v. Safety Casualty Co., Tex. Civ.App., 190 S.W.2d 750; Texas State Highway Department v. Reeves, Tex.Civ. App., 161 S.W.2d 357. In the case at bar appellant does not point out or attempt to point out any alleged defects in his objections to the submission of the three issues in question or state any grounds therefor other than to assert the issues are upon the weight of the evidence. In complaining about the submission of each of the said issues, appellant first charges, in effect, that there was no testimony to support the issue and then further charges that the issue is upon the weight of the evidence and is calculated to confuse or mislead the jury. At any rate, we find no fault with the form of the said three issues as submitted. The first issue about which appellant complains was submitted in the following language: "Do you find from a preponderance of the evidence, that defendant, Leroy Pharr, was driving at an excessive rate of speed under the circumstances and conditions then and there existing?" The other two issues about which appellant here complains will not be here restated for they were propounded in the same form and using similar language in asking if appellant failed to keep a proper lookout at the time and place of the collision and if he then and there failed to have his automobile under proper control. It is our opinion that each of the issues was distinctly propounded in clear, simple language in compliance with the requirements of Rule 277.

■ Appellant further charges, in effect, that there was no evidence tending to show that his alleged excessive speed rate, his failure to keep a proper lookout, or his failure to have his automobile under proper control at the time and place of the collision was negligence or that either of such acts, if the same constituted negligence, was a proximate cause of the collision which resulted in appellee's damages sustained. He further charges that the form of the issues submitted on the question of negligence and the question of proximate cause in each instance was upon the weight of the evidence. But in our opinion he did not point out to the trial court distinctly the grounds upon which he complained as is required by Rule 274. At any rate, it is our opinion also that the evidence previously herein recited justified the submission by the trial court of the issues of negligence and proximate cause in each instance as well as the jury's affirmative answers thereto. The said issues submitted in each instance on the question of negligence and proximate cause were conditionally submitted only in the event an affirmative answer was given by the jury to the preceding issue submitted to it and in each instance the jury gave an affirmative answer to each preceding issue. By that means the jury found that appellant was guilty of operating his automobile at an excessive rate of speed under the existing conditions and circumstances, that he failed then and there to keep a proper lookout and also failed to have his automobile under proper control. It further found that each of these acts or failure to act constituted negligence and that each was a proximate cause of the collision that resulted in the damages. It seems that appellant contends in his brief that the form of the issues submitted by the trial court on the question of negligence and proximate cause in each instance assumed the existence of certain alleged facts concerning the alleged negligent acts charged and that such issues were therefore on the weight of the evidence. In effect, appellant charges that each of the said issues assumed the existence of the fact the jury found to be true in answering the last preceding issue in each instance. It has been held that an issue could not be said to be on the weight of the evidence because it assumed the existence of a certain fact, when such fact was found by the jury to exist in answer to the preceding issue. Natatorium Laundry Co. v. Saylors, Tex.Civ.App., 131 S.W.2d 790, writ dismissed, judgment correct. This same rule of law was approved in the cases of Horne Motors, Inc. v. Latimer, Tex.Civ.App., 148 S.W.2d 1000; Rhone v. Fox, Tex.Civ.App., 142 S.W.2d 542; McClelland v. Mounger, Tex.Civ.App., 107 S.W.2d 901, and Owen v. King, Tex.Civ. App., 84 S.W.2d 743. The last case cited was reversed on other grounds, 130 Tex. 614, 111 S.W.2d 695, 114 A.L.R. 859.

■ Appellant contends that the trial court erred in admitting over the objections of appellant the testimony of appellee, as he read from a statement not prepared by himself but made by a mechanic, concerning the damages done to his automobile. Appellant objected on the grounds that there was no pleading to support the testimony and that the same was hearsay. Briefly stated appellee pleaded that his damages in the sum of $662.25 were proximately caused by reason of appellant's negligence that resulted in the collision, which damaged the frame and rear end of his automobile and that the reasonable and necessary costs of repairs to restore his automobile to the same condition it was in immediately prior to the collision was $662.25. It is our opinion that these pleadings are sufficient to support the evidence offered. With reference to the testimony in question the trial court permitted appellee as a witness to examine the said statement made by a mechanic only for the purpose of testifying from his own knowledge concerning the repairs needed on his automobile as a result of the collision that caused the damages. The statement made by the mechanic was not offered or introduced in evidence but the items thereon were used by the witness only to refresh his memory that he might testify of his own knowledge. It was held in an automobile damage suit when a similar situation arose that the question of allowing a witness to read from a memorandum to refresh his

memory is left largely to the discretion of the trial court and will not be disturbed unless abuse of discretion appears. Milby Auto Co. v. Kendrick, Tex.Civ.App., 8 S.W. 2d 743, writ dismissed. In the case at bar, when appellant objected to the witness using the statement in connection with his testimony concerning repairs to be made on his automobile, the trial court showed some caution in the matter by stating: "I will allow the witness to inspect it, and if it is his knowledge of the repairs, as shown by that, I will allow him to state it, if he knows of his own knowledge, as a result of looking at the estimate." Before proceeding further, the court permitted appellant's counsel to examine the witness for the purpose of his objections made. In response to appellant's inquiries the witness testified that he did not make the statement in question and did not see it made. But no attempt was made to show the witness was not qualified to testify concerning the subject matter. After being there examined by appellant's counsel and after examining the statement in question, the witness testified fully from his own knowledge concerning the repairs needed on his automobile and the costs therefor. In the case of McMahan v. Musgrave, Tex.Civ. App., 229 S.W.2d 894, writ dismissed, the court held in an automobile collision damage suit that it was not error for appellee to examine the repair bill, refresh his memory therefrom and testify from his own knowledge concerning repairs needed and charges therefor in the absence of a showing that appellee was not qualified to so testify. In view of these and other authorities it is our opinion that no error was committed. Assuming, however, that error was committed, it could not have been more than a harmless error, since the experienced mechanic under whose direction the statement was made and under whose direction the automobile was repaired, testified fully concerning the necessary repairs and the costs thereof in corroboration of the testimony given by appellee.

 Appellant likewise objected to the patrolman, Robert Brasher, who appeared on the scene of the collision, made a report of the matter and appeared as a witness, using his said report to refresh his memory as a witness on the grounds that such would be hearsay. His final point here presented concerns such objection. It is our opinion, under the authorities previously cited, that appellant's objection was properly overruled by the trial court inasmuch as the evidence reveals that the said witness, together with the other patrolman associated with him, made out the report concerning the physical facts and other facts obtained by him at the time of the collision and the witness was using his own report only to refresh his memory as a witness.

It is our opinion, after carefully examining the record and the briefs, that no reversible error is shown. The points of appellant to the contrary are all overruled and the judgment of the trial court is affirmed.