CITY OF AUSTIN, Appellant,

v.

William C. PHIPPS, Appellee.

No. 10771.

Court of Civil Appeals of Texas.

Austin.

July 6, 1960.

Rehearing Denied July 27, 1960.

Doren R. Eskew, City Atty., C. J. Taylor, Jr., Thomas R. Hunter, Asst. City Attys., Austin, for appellant.

Cofer & Cofer, Douglass D. Hearne, Austin, for appellee.

HUGHES, Justice.

William C. Phipps, appellee, sued his employer, the City of Austin, for a judgment declaring and establishing his rights to an injury leave of absence from February 17, 1958 to April 24, 1958, under the provisions of Art. 1269m, Sec. 26, Vernon's Ann.Civ. St., (Firemen's and Policemen's Civil Service Act) and for the restoration of his regular sick leave time credit accumulated prior to the date of his injury, and of which the City had deprived him.

Appellee was injured in the line of duty as a City Fireman on February 15, 1958.

Trial to a jury resulted in verdict and judgment for appellee.

The City's first point is that appellee did not exhaust his administrative remedies before filing suit, hence his suit was prematurely brought. This matter was properly presented by a plea in abatement.

The City relies upon the following portions of the following Sections of Art. 1269m:

"Sec. 5a. The Commission may make investigations concerning, and

report upon all matters touching, the enforcement and effect of the provisions of this Act, and the rules and regulations prescribed hereunder; shall inspect all institutions, departments, offices, places, positions and employments affected by this Act at least once every year; and shall ascertain whether this Act and all such rules and regulations are being obeyed."

"16a. It is hereby declared that the purpose of the Firemen and Policemen's Civil Service Law is to secure to the cities affected thereby efficient Police and Fire Departments, composed of capable personnel, free from political influence, and with permanent tenure of employment as public servants. The members of the Civil Service Boards are hereby directed to administer the civil service law in accordance with this purpose; and when sitting as a board of appeals for a suspended or aggrieved employee, they are to conduct such hearing fairly and impartially under the provisions of this law, and are to render a fair and just decision, considering only the evidence presented before them in such hearing. Added Acts 1949, 51st Leg., p. 1114, ch. 572, § 5.

"Sec. 17. In order for a Fireman or Policeman to appeal to the Commission, it shall only be necessary for him to file within ten (10) days with the Commission a statement denying the truth of the charge as made, or a statement taking exception to the legal sufficiency of such charges and asking for a hearing by the Commission. In all hearings, of every kind and character, the employee shall have the right to be represented by counsel, the witnesses may be placed under the rule. All such hearings shall be public. The Commission shall have the authority to issue subpoenas for the attendance of witnesses."

"Sec. 26. * * * Provided that all such cities coming under the provisions of this Act shall provide injury leaves of absence with full pay for periods of time commensurate with the nature of injuries received while in line of duty for at least one (1) year. At the expiration of said one-year period, the City Council or governing body may extend such injury leave, at full or reduced pay, provided that in cities that have a Firemen's or Policemen's Pension Fund, that if said injured employee's salary should be reduced below sixty per cent (60%) of his regular monthly salary, said employee shall be retired on pension until able to return to duty."

Appellee did not carry his complaint to the Firemen's and Policemen's Civil Service Commission of the City of Austin, and he contends that his only recourse was to file suit since there is no statute providing him an administrative remedy for a determination of his complaint. If this is correct, then there are no administrative remedies to exhaust. 73 C.J.S. Public Administrative Bodies and Procedure § 41 and § 45, page 354 and page 361.

■ The establishment of the Firemen's and Policemen's Civil Service Commission is provided for in Sec. 3, Art. 1269m. It, of course, has only such powers as are expressly granted by law or necessarily implied from those so delegated. Railroad Commission v. Fort Worth and D. C. Ry. Co., 161 S.W.2d 560, Austin Court of Civil Appeals, writ ref., w. o. m.

Appellee cites sections of Art. 1269m other than those copied above for the purpose of showing instances in which the Legislature has provided administrative procedures for determining specified complaints. We need not analyze those sections here, but they are persuasive of the conclusion that had the Legislature desired it could have formulated administrative remedies for the determination of this controversy.

Sec. 5a relates to investigations, inspections and reports of the character indicated.

We find in it no reference to a determination of a claim or grievance originating under Sec. 26.

Sec. 16a, supra, is no grant of authority. It merely states the purpose of the Act and instructs the Civil Service Boards in the proper performance of their duties. It does not purport to enlarge upon the powers or duties otherwise specifically prescribed by the Act, but only as to the purpose and manner of their discharge.

The City also relies upon the appeal provisions of Sec. 17 of the Act. This section must be read in context with its preceding Section 16, providing, in part, for the indefinite suspension of an employee, and which requires the department head to file a written statement giving the reasons for such suspension, and such Sec. 17 should also be read in context with succeeding Sec. 18, which provides for the filing of a petition in Court to set aside the order of suspension of dismissal.

It is clear that Sec. 17 is no grant of additional authority to the Commission, but only an implementation of the authority granted by Sec. 16. Section 16 does not remotely relate to the claim of appellee under Sec. 26.

We find no provision in the Act affording appellee an administrative review of his claim under Sec. 26 and we overrule point one.

The City briefs its second and third points together. They are to the effect that the City was entitled to judgment for the reason that appellee failed to give notice of his injury within 24 hours after its occurrence as required by Personnel Policies of the City of Austin and Special Rules and Regulations of the City's Fire Department, and that the Court erred in submitting the following issue to the jury as not being supported by pleading, evidence or within such Policies and Rules.

"Do you find from a preponderance of the evidence that William C. Phipps reported his injury, if any you have so found, to his immediate superior within 24 hours after it became apparent to Phipps that said injury was of sufficient seriousness to report as an injury?"

The answer was "Yes."

Sec. 1.2, Ch. 1, and Secs. 6.8 and 6.8b of Ch. 6, of the Personnel Policies of the City of Austin read, in part:

"Section 1.2. *Applicability*. These polices shall apply to all employees in the service of the City except that these policies shall not apply to members of the Fire and Police Departments where the same are inconsistent with state legislation affecting firemen and policemen and the Civil Service Rules promulgated pursuant thereto.

"Chapter 6, Section 6.8. *Injury Leave*. Subject to paragraph b, below, an employee injured on the job shall be granted injury leave, not charged against his sick leave or vacation to extend for such time as a physician, approved by the City Manager, shall certify that the injured employee is unable to return to work, but in no event to extend beyond six (6) months, unless expressly authorized by the City Manager. * * *

"Section 6.8b. An employee who is physically able and who fails to report within 24 hours any injury, however minor, to his foreman or supervisor and take such first aid treatment as may be necessary shall not be eligible for injury leave. * * *"

That portion of the Fire Department Rules relied on by the City reads:

"effective this date all injury-on-job reports must be completed (in detail) by the injured man's Immediate Supervisor and turned into the Fire Department office within 24 hours. This means that a captain will fill out the report when any of his men are in-

jured, the district chief when any captain in his district is injured, the assistant chief when any district chief is injured etc. No injury-on-job claim will be allowed unless duly reported. It is the responsibility of the injured man to report to his supervisor, and the responsibility of the supervisor to complete the *injury report*."

The following facts are undisputed. Appellee was injured while fighting a fire on Saturday afternoon, February 15, 1958. One of appellee's legs went through the burned floor of the *building and the fire-man* behind him helped pull him out. He, appellee, was excited in fighting the fire, felt no pain from his injury at such time, and did not pay much attention to it. After the fire they, the firemen, went back to the station, cleaned up, watched T. V., and went to bed. Appellee went off duty Sunday at noon. His back was then bothering him, but he did not think there would be much to it. On Monday morning his back was sore and painful. He called Dr. Donovan, went to see him, and then went to his superior, Captain Shrader, and reported the back injury at about 12:30 P.M. on February 17th. Captain Shrader, who is still with the Austin Fire Department, did not testify. Appellee did not really know his back was hurt until Monday morning. He did not report his injury when it occurred because he didn't know he was injured.

Dr. J. B. Donovan described the nature of the back injury sustained by appellee and testified that it is a normal occurrence for such an injury not to become apparent for two to five days after the accident causing the injury.

We are of the opinion that the Special Rules and Regulations for firemen, supra, constitute no barrier to appellee's claim for the reason that they only require the claimant to "duly" report to his supervisor, the duty then devolving upon the supervisor to report to the Fire Department office within 24 hours. The City charges no default in these respects. It does, however, urge the failure of appellee to show compliance with Sec. 6.8b of the Personnel Policy.

These Policies are by Sec. 1.2, supra, subordinated to State law, where members of Fire and Police Departments are concerned, when they "are inconsistent with State legislation affecting firemen and policemen."

■ It is unnecessary for us to determine whether or not the requirements of Sec. 6.8b are so unreasonable as to be unconstitutional or whether or not they are inconsistent with the State law (Sec. 26, Art. 1269m) for the reason that, in our opinion, such requirements need not be complied with under the facts of this case.

From the evidence, recited above, it appears that appellee did not realize that he had sustained an injury until Sunday afternoon at the earliest. He reported his injury within 24 hours of this time.

In City of Waco v. Landingham, 138 Tex. 156, 157 S.W.2d 631, 633, the Court in discussing a Waco charter provision relative to giving notice of a claim for personal injuries held the charter provision was not unconstitutional merely because it could not be given universal application saying "even should it be held that this charter provision cannot be applied in all instances, still such fact would not render it unconstitutional in instances where it would not be unreasonable or discriminatory to do so."

This rule of nonapplication was applied in City of Tyler v. Ingram, 157 S.W.2d 184, 189, Texarkana Court of Civil Appeals, reversed on other grounds, 139 Tex. 600, 164 S.W.2d 516, where the Court held that a charter provision requiring notice of a claim .for damages for personal injuries was inapplicable where the claimant was not physically able to give notice, the Court saying "We think the legislative intent in requiring the notice necessarily presupposes the existence of a person capable of giving it, and therefore applicable only to such persons."

We believe that the injury of which notice is required by Sec. 6.8b, minor though it may be, must be such an injury of which the claimant has knowledge and the occurrence of which injury he was consciously aware.

Since we hold that compliance with Sec. 6.8b was not required, the questions of pleading and proof presented by these points become immaterial. As far as the pleadings are concerned, we will say that their deficiency would not bring about a reversal unless we are convinced that harm resulted from it.

Point four is that appellee's suit was barred because not filed within ten days after his claim for injury leave benefits had been refused by the Firemen's and Policemen's Civil Service Commission, as required by Sec. 18, Art. 1269m.

The substance of this point has been disposed of in our discussion and disposition of the City's first point. We there held that administrative procedures had not been created by the Legislature for settlement of a claim under Sec. 26, Art. 1269m. It is our holding here that the limitation prescribed by Sec. 18, supra, is not applicable to appellee's suit. The point is overruled.

Point five is that the Court erred in submitting and rendering judgment on the jury's answer of "Yes" to the following issue:

"Special Issue No. 3: Do you find from a preponderance of the evidence that all of the work days missed by Phipps between February 17, 1958, and April 24, 1958, resulted from said injury, if you have found that he was injured?"

and in refusing to submit its following requested special issue:

"Do you find from a preponderance of the evidence that the injury, if any, previously inquired about, caused any disability to the said William C. Phipps, to work and perform his duties for the Fire Department of the City of Austin?"

The City objected to the issue submitted on the ground that it assumed that appellee missed work because of an injury and assumed that the injury sustained by him, if any, resulted in appellee missing work between February 17, 1958 and April 24, 1958.

It is undisputed that appellee missed 41 days, 8 hours and 25 minutes of work time for the City between February 16, and April 24, 1958. Dr. J. B. Donovan testified that, in his opinion, it was necessary for appellee to miss work during this period because of the injury to his back. The evidence does show that during this period appellee "every now or then" opened a beer or soda for a customer at a tavern which he owned.

We do not agree with the City that by the issue the Court suggested to the jury that if appellee missed any work days as a result of his injury he missed all the work days between February 17 and April 24, as a result of such injury. By the form of the issue, appellee risked a "no" answer if the jury believed that just one of the work days missed was not missed as a result of his injury. Whether or not this was a more onerous burden than appellee was required to assume, we need not decide. Having assumed it, he successfully discharged it because the evidence, noted above, supports the jury answer.

We overrule the City's contention that this issue was a charge on the weight of the evidence or that it assumed issuable facts.

The City does not argue the pertinency of its requested special issue, and we perceive none which is additional to other issues submitted to the jury.

The last point made by the City is that the Court erred in submitting Spe-

cial Issue No. 5 and its accompanying definition and in rendering judgment on an affirmative answer to such issue because "said special issue assumed that (appellee's) absence was a result of an injury, was duplicitous and the answer of the jury to said special issue was not supported by the evidence."

The issue and definition complained of follow:

"Special Issue No. 5. Do you find from a preponderance of the evidence that the periods between February 17, 1958 and April 24, 1958 during which plaintiff was absent from work as a result of his injury if you have found that such absence was the result of the injury previously inquired about, were periods of time which are commensurate with the nature of such injury received while in line of duty, if you have found such an injury?

"In connection with the foregoing special issue you are instructed that by the term 'commensurate period' is meant a period of time which is reasonably necessary under the circumstances inquired about."

The evidence shows:

On Monday morning, February 17, 1958 appellee had great difficulty in getting out of bed. On that date Dr. Donovan's examination revealed that he had a strain of the sacro-iliac joint and a strain and subluxation of the fourth lumbar vertebra. Between February 17, 1958 and April 24, 1958 appellee visited Dr. Donovan 18 times for treatment for the same lower back injury. From February 16 through April 24, 1958 appellee missed 41 days, 8 hours and 25 minutes of work time. Dr. J. B. Donovan testified that, in his opinion, it was necessary for him to miss work during this period because of the back injury in question. During this time appellee, when he would lie down at night, took pills prescribed by Dr. Donovan for pain. He did no physical exertion and no lifting,

though he did open beer and soda water. Appellee returned to light work at the fire station about April 24, but he did not ride out to a fire until May 12. Dr. Donovan treated appellee until June of 1958.

Appellee's absence from work as a result of injury was established by the answer of the jury to Special Issue No. 3, supra.

This issue (5) was properly predicated on the answer to previous issue No. 3, and in our opinion did not assume the nature of the answer. If issues could not be so conditioned, then about the only way in which a verdict could attain continuity would be to submit an issue and await the jury's answer before submitting another issue based on the previous finding. Needless to say, this is not required. Pharr v. Coldeway, 256 S.W.2d 917, Amarillo Court of Civil Appeals.

Duplicity is said to lie in the failure to separate the inquiry, contained in the issue, as to whether the time between February 17 and April 24, during which appellee was absent from work was the result of his injuries from the inquiry as to whether such period of absence from work was commensurate with the nature of the injuries received while in the line of duty.

Rule 277, Texas Rules of Civil Procedure, requires each issue to be submitted separately. This rule was not violated in the submission of issue No. 5. The only inquiry was whether or not appellee's periods of absence were commensurate with the nature of his injury. His injury and his absence from work as a result of such injury were established by answers to other issues. The issue was not duplicitous. Pharr v. Coldeway, supra.

We also overrule the contention that the answer of the jury to issue No. 5 was not supported by the evidence. The evidence supporting such answer has been stated above.

The judgment of the Trial Court is affirmed.

Affirmed.