Kenneth **MITCHELL** et ux., Appellants,

v.

**GREYHOUND BUS LINES, INC.,** Appellee.

No. 236.

Court of Civil Appeals of Texas.

Tyler.

Dec. 1, 1966.

Rehearing Denied Jan. 5, 1967.

Ted Odom and Jack K. Allen, Tyler, for appellants.

Donald Carroll and Michael Hatchell, Ramey, Brelsford, Flock & Devereux, Tyler, for appellee.

MOORE, Justice.

Plaintiffs, Kenneth Mitchell and wife, Glenna Mitchell, instituted this suit against Greyhound Bus Lines, Inc., for personal injuries alleged to have been sustained by

Mrs. Mitchell while a passenger on defendant's bus as a result of a collision between a Chevrolet automobile and the bus.

Plaintiffs alleged numerous grounds of negligence on the part of the driver of the bus, Donald Round, which they alleged proximately caused the accident and resulted in personal injuries to Mrs. Mitchell. The case was tried to a jury. By their verdict, the jury exonerated defendant's driver of any act of primary negligence. The jury also found that the accident was unavoidable and that the operation of the Chevrolet automobile was the sole proximate cause of the accident. Based upon this verdict, the trial court entered judgment that the plaintiffs take nothing, from which plaintiffs perfected this appeal.

A brief statement of the facts giving rise to the controversy will be helpful in considering appellants' points of error.

According to the testimony of appellee's driver and other evidence produced by appellee, the accident occurred shortly after midnight when appellee's bus was traveling at about 55 to 60 miles per hour upon the highway near Camden, Arkansas. The bus came over a slight rise in the road, at which time the driver testified that he was able to see the headlights of an approaching car which was rounding a curve in the road about a half mile away. After the bus topped the rise, the bus and the car continued on toward one another, each vehicle in his own lane of travel. When the automobile was approximately 150 to 300 feet from the bus, it suddenly and without warning crossed sharply into the bus's lane of traffic, crossed to the shoulder of the road and then weaved back slightly from the shoulder and collided with the front of the bus. The bus driver testified that he did not have time to blow the horn or dim his lights; however, he testified that he hit his brakes immediately when the passenger car crossed the center line and further testified that he may have pulled to the left and away from the path of the oncoming car just before the impact, but testified that the oncoming vehicle collided with the bus head on in his lane of traffic.

Mrs. Mitchell testified that immediately before the collision she observed the other vehicle as it approached the bus. According to her testimony, both the bus and the other vehicle "zigzagged" from their respective lanes of traffic several times before the collision. She further testified that she first observed the Chevrolet when it crossed into the lane of travel occupied by the bus and at that time she knew there was going to be a collision but admitted that she did not know in which lane of traffic the collision finally occurred.

Appellants have brought forward twelve points of error dealing mainly with complaints regarding the ruling of the trial court in the admission or exclusion of evidence, and with complaints concerning the charge of the court.

In appellants' ninth and eleventh points, they complain of the court's charge because of the conditional submission of special issues Nos. 2 and 14. Appellants duly and properly objected to the conditional submission of special issue No. 2 which was conditioned on a negative answer to special issue No. 1. They also properly objected to the conditional submission of special issue No. 14, which was conditioned on a negative answer to special issue No. 13.

The issues complained of, together with the jury's findings thereon, were as follows:

"SPECIAL ISSUE #1: Do you find from a preponderance of the evidence that the bus driver could have stopped the bus prior to the collision in question?

"Answer 'Yes' or 'No.'

"ANSWER: ___NO___

"If you have answered the foregoing Special Issue 'Yes,' then, and in that event only, answer the following issue:

"SPECIAL ISSUE #2: Do you find from a preponderance of the evidence

that the failure of the bus driver to stop the bus prior to the collision in question was negligence?

"Answer 'Yes' or 'No.'

"ANSWER _____"

Since the jury answered Special Issue No. 1 "No," they did not answer Special Issue No. 2.

"SPECIAL ISSUE #13: Do you find from a preponderance of the evidence that the driver of the bus, at the time and on the occasion in question, could have turned to the right and thereby avoided the collision?

"Answer 'Yes' or 'No.'

"ANSWER____NO_____

"If you have answered the foregoing Special Issue 'Yes,' then, and in that event only, answer the following issue:

"SPECIAL ISSUE #14: Do you find from a preponderance of the evidence that the failure of the bus driver to turn to the right at the time and on the occasion in question was negligence?

"Answer 'Yes' or 'No.'

"ANSWER _____"

The jury did not answer Special Issue No. 14 because the court instructed them not to do so in the event they answered Special Issue No. 13 "No."

■ Appellants alleged that the driver of the bus was negligent in failing to stop the bus. They also alleged that the driver was negligent in failing to turn to the right immediately before the collision. We believe, as the trial court apparently did, that there was sufficient evidence in the record to support the submission of each of the negligence issues.

■■ Our rules of civil procedure require that the theories of each party be directly submitted to the jury where raised by the pleadings and the evidence. Rule 279, Texas Rules of Civil Procedure. This right cannot be lost or defeated by jury findings on other issues, which, in effect, indirectly negative a favorable finding on an issue submitted, or by submitting other issues but not allowing them to be answered by the jury. Greer v. Thaman, (Tex.Com. App.) 55 S.W.2d 519; Montgomery v. Gay, (Tex.Civ.App.) 212 S.W.2d 941.

The usual way of submitting a negligence case is to inquire of the jury by special issues: (1) whether the defendant did or omitted to do the act alleged; (2) whether the act or omission was negligence; (3) whether such negligence was a proximate cause of the injury and (4) amount of damages. Westinghouse Electric Corp. v. Pierce, 153 Tex. 527, 271 S.W.2d 422. To have followed this procedure would have led to an unconditional submission of the appellants' affirmative issues Nos. 2 and 14.

■ We recognize that in some instances, where one or more issues are determinative of the kind of judgment to be rendered, the court may direct the jury to answer other issues only if they find such completely determinative issues or issue in a certain way. Harris v. Thornton's Department Store, (Tex.Civ.App.) 94 S.W.2d 849; Westinghouse Electric Corp. v. Pierce, supra.

In our view, however, such rule is not applicable here because neither special issue No. 1 nor special issue No. 13 are determinative issues upon which a judgment for the appellee could have been rendered.

■ An examination of special issue No. 1 and special issue No. 13 shows both issues to be extremely broad and general in nature. Neither of the issues calls upon the jury to test the conduct of the driver. Moreover, neither of the issues supplies the jury with any standard of care by which his conduct was to be tested. In each instance the jury was merely called upon to take a hindsight view of all the facts and circumstances and then to express their opinion or conclusion as to whether or not the driver could have stopped the bus or could have avoided the

collision by turning to his right. In our view, neither special issue No. 1 nor special issue No. 13 are determinative of any fact and in no event can they be said to be determinative of the case. As a result, the appellants were denied the right of having the jury pass upon the ultimate and controlling fact issues as to whether or not the driver was negligent in failing to stop the bus and whether he was negligent in failing to turn to his right, as inquired about in special issues Nos. 2 and 14.

These issues were affirmative issues upon which appellants relied for recovery and as such should have been submitted unconditionally. In submitting the issues conditionally based upon findings to other issues, which were not determinative, we think the trial court fell into error requiring the case to be reversed for another trial.

In view of another trial, discussion of other points of error assigned by the appellants will not be necessary.

Finding that appellants were deprived of their right to have their affirmative issues unconditionally submitted and passed upon by the jury, the case is reversed and remanded for a new trial.