WALKER AVENUE REALTY CO., Inc., v. ALASKAN FUR CO. Inc., et al.

No. 10844.

Court of Civil Appeals of Texas. Galveston.

Dec. 22, 1938.

T. H. Stone, of Houston, for appellant.

Fulbright, Crooker & Freeman, of Houston, for appellees.

CODY, Justice.

Judgment was rendered in this case below on May 5, 1938; amended motion for new trial overruled June 17, 1938; appeal bond filed July 7, 1938. The transcript was filed here August 11, 1938; the statement of facts and bills of exception were tendered for filing September 14, 1938, but the clerk refused to file them as having been tendered too late. On appellant's motion to order the clerk to file them we originally sustained, without written opinion, the clerk's action as correct under Article 2246, R.S.1925, as amended in 1931, Vernon's Ann.Civ.St. art. 2246. The court below is ruled in its practice and procedure by the special practice act, Article 2092, R.S.1925, Vernon's Ann.Civ.St. art. 2092.

 The care and skill with which Articles 2092 and 2093—component parts of the same enactment—are drawn is what is to be desired, rather than expected, in this type of legislation. The purpose of the enactment was to adjust the practice and procedure in the civil district courts of certain of the populous counties to dispose of their continuous litigation, without interfering in any way with the practice and procedure of the other courts of the State. The validity of this special practice act, as a proper exercise by the Legislature of its power to classify subjects, was upheld by our Supreme Court in Phil H. Pierce Co. v. Watkins, 114 Tex. 153, 263 S.W. 905. For the purpose of the practice and procedure established by Art. 2092, the civil district courts of Harris County (and of the other counties which are ruled by the statute) form a separate and distinct class of courts from the other courts of the State; and such courts are placed in a class separate and distinct from that to which other courts of record (of the first instance) belong, for the avowed purpose of making it possible for the rules of practice and procedure which are applied in them, and which are inconsistent with the rules that are applied to other courts, to co-exist with such other rules, and yet not be in conflict. It is perfectly clear that even though the rules of practice and procedure established by Art. 2092 are different from and inconsistent with the rules established to regulate the practice and procedure in other courts of the State, these two separate sets of rules do not conflict. And this, simply because such courts as the civil district courts of Harris County have been formed into a separate class, wherein, by reason of Art. 2093, "All inconsistent laws and rules of practice and procedure shall be inoperative in the civil district courts of the class included within this chapter [i. e. Chapter 6, Title 42], but shall not be affected by this law in so far as they relate to other district courts. * * *" ("All inconsistent laws and rules", etc., include future as well as existent inconsistent laws and rules.)

■ Now, in the Revised Civil Statutes of 1925, the time for filing statements of facts and bills of exception in the district, county courts, and county courts at law, was fixed by the provisions of Art. 2246. The provisions of this article, before its amendment in 1931, were inconsistent with the provisions of Section 31 of Art. 2092, which fixes the time for filing the statements of facts and bills of exception in causes appealed from civil district courts of Harris County. But though these different provisions were inconsistent they could not be in conflict, because they were applied in courts of different classes. As amended in 1931, Section 1 of Art. 2246, Vernon's Ann.Civ.St. art. 2246, § 1, provides: "When an appeal is taken from a judgment rendered in a Civil cause tried in either the District Court, County Court, or County Court at Law, the party appealing shall have fifty days after final judgment or order overruling motion for new trial, * * * or perfection of writ of error, within which to prepare and file his statement of facts and bills of exception in the Trial Court." While the language just quoted continues to apply a rule of procedure inconsistent with the rule provided by Section 31 of Art. 2092, fixing the time for filing statements of facts and bills of exception, these inconsistent rules likewise continue not to be in conflict with each other because they are applied in different classes of courts,—operate in different planes.

■ From what has been said, it is clear that Section 3 of Article 2246, as amended in 1931 (chapter 67), wherein it repeals all laws and parts of laws in conflict therewith, did not intend to repeal any part of Article 2092, as no part of said article (no matter how inconsistent with Art. 2246, either before or after the amendment of 1931) was or is in conflict with Art. 2246, either before or after such amendment.

■ We have devoted much space to the tedious demonstration that, even if we apply a literal construction to the provisions of Art. 2246, as amended in 1931, the procedure for appeal provided in Section 31, Art. 2092, has not been repealed. However, the rule is that courts must favor a construction of laws securing the right of appeal. Eppstein & Co. v. Holmes & Crain, 64 Tex. 560, 565; City of Athens v. Evans, Tex.Com.App., 63 S.W.2d 379. Courts also apply a liberal construction to preserve to litigants methods of procedure to perfect appeals, which have been provided by the Legislature, Missouri-Kansas-Texas R. Co. v. Thomason, Tex.Civ.App., 280 S.W. 325, 327.

It is urged on us, however, that the emergency clause (section 4), appended to the amended Art. 2246 when it was yet a bill, but which was not adopted, contains language which indicates an intention of the Legislature that the provisions should apply in case of all appeals. "Emergency clauses on bills, however, are not added for the purpose of clarifying or declaring the intention of the Legislature, nor to explain the express language of the act; but only for the purpose of setting forth the reasons for the suspension of the constitutional rule requiring the bill to be read on three separate days", etc. Thomason Case, supra, .280 S.W. 327. That no deep-laid system of a changed policy, which contemplated the abolishment of the method of appeal provided for in Section 31, Art. 2092, with reference to the filing of statements of facts and bills of exception, was manifested by the Legislature in amending Art. 2246, in 1931, is made clear from the fact that in 1935 it enacted Art. 2093a, Vernon's Ann. Civ.St., applying to the courts mentioned in that article the provisions with reference to filing the statement of facts and bills of exception, which is applied by Section 31, Article 2092. There is a practical reason why ninety days should be allowed in the courts ruled by Art. 2092 for getting up statement of facts and bills of exception. In the present instance, the statement of facts consists of 694 pages, while the transcript consists of 81 pages. The statements of facts from these civil district courts are generally longer than those from other district courts. And, since the time that the lawyers have·felt obliged to conform to the requirements of Art. 2246, as amended, the usual grounds urged for extension of time is inability to get up the statement of facts within the time. Experience guided the framers of Art. 2092 in drafting it. And it does not undertake to fix the time for filing the transcript. The Legislature, we find, had no intention to repeal such ninety day provision in Section 31, Art. 2092.

■ As the statement of facts and bills of exception were tendered for filing here seasonably, consistent with the provisions of Art. 2092, Section 31, and as such provisions are in full force an effect, we hold that the time for filing statement of facts and bills of exception in this court in

appeals from the court below is the same that it was prior to the amendment of Art. 2246 in 1931, and the clerk is ordered to file them as of September 14, 1938.

Motion for rehearing on motion to file statement of facts granted, MONTEITH, J., participating as Special Commissioner.