**J. H. SMELCHER, Appellant,**

v.

**Lee INGRAM, Appellee.**

No. 15742.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 21, 1956.

Rehearing Denied Oct. 19, 1956.

McGown, Godfrey, Logan & Decker, and Winfred Hooper, Jr., Fort Worth, for appellant.

Burt & Baker and Joseph P. Burt, Fort Worth, for appellee.

MASSEY, Chief Justice.

Plaintiff, an employee at common law of the defendant, sued for damages because of personal injuries sustained as result of his employer's negligence. His pleadings were silent with respect to damages resulting from any loss of earnings, either already experienced or prospective. The defendant objected to any testimony with reference thereto, but such testimony was admitted over objection. He predicates a point of error thereupon. In the court's charge the jury was permitted to take such loss into consideration in arriving at its answer to the special issue on damages. The verdict was in behalf of the plaintiff and against the defendant. The defendant sought to appeal. The plaintiff moved to have the appeal dismissed on the ground that proper foundation therefor had not been timely laid.

Motion to dismiss the appeal overruled.

Judgment reversed and the cause remanded.

■ Sometime prior to the time judgment was entered in the case, though after a verdict was returned, the defendant filed a "Motion to set aside Verdict and grant New Trial", the ground of which was jury misconduct. Thereafter, the trial court conducted a hearing in the matter, during the course of which eight of the jurors testified. On the same day that the hearing was had a judgment was entered in favor of the plaintiff, based upon the verdict earlier received. The defendant filed original and amended motions for new trial, which were timely if the judgment and its entry date be all necessary of consideration, but which could not be considered as the basis for the appeal if the motion setting up jury misconduct should be considered as a motion for new trial within contemplation of the Texas Rules of Civil Procedure relating to prerequisites of appeal in jury cases.

It seems clear that in his motion relative to jury misconduct the defendant was attempting to obtain a court order which would operate to terminate the trial without the entry of any judgment whatever.

That being so, and since within the limitation of the Rules we believe we are obliged to liberally construe the law in favor of the right of appeal, we hold that under the cimcumstances of this case the defendant's motion should not be considered at all in relation to the steps prerequisite to any appeal. This done, the defendant's original motion for new trial was that filed subsequent to the date judgment was entered, later amended by him, and upon which amendment the appeal was founded. See 41–B Tex.Jur., p. 888, "Trial—Civil Cases", sec. 642, "Mistrial and New Trial Distinguished".

The plaintiff's motion to dismiss the appeal is overruled.

■ The judgment must be reversed and the cause remanded because of an absence of pleadings to support the judgment in respect to damages. In the instruction appended to the damage issue the trial court informed the jury that they could consider lost wages of the plaintiff, both past and future. Their finding of the amount of damages therefore must be considered to have embraced such wages. Since the amount allotted as wage loss is incapable of segregation in the damage figure found, the jury finding and the judgment based thereupon are without support in the pleadings and the judgment is, in toto, fatally defective. In view of the fact that the defendant did not consent to try the issue of damages as embracing the matter of lost wages, but objected and was given a full bill of exceptions to all such testimony,—and since the pleadings were never amended to as to include any allegation with reference thereto, T.R.C.P. 67 does not apply to this case. Fundamental error is therefore made apparent, for under such circumstances no judgment awarding damages for lost wages may stand. West American Ins. Co. v. First State Bank of Rio Vista, Tex.Civ. App. Waco, 1948, 213 S.W.2d 298; Tex. Dig., Judgment, ☞ 18; 25 Tex.Jur., p. 474, "Judgments", sec. 98, "Necessity for and

Support in Pleadings"; 13 Tex.Jur., p. 434, "Damages", sec. 257, "Loss of Time or Earnings"; Beaumont City Lines v. Williams, Tex.Civ.App. Beaumont, 1948, 221 S.W.2d 560, writ ref., n. r. e.

■ We have noticed that in his fifth point of error the appellant has assigned error in the following language: "The trial court erred in overruling appellant's exceptions to the court's charge". Adverting to the record, we note that there were thirteen separate exceptions, raising at least seven separate and distinct questions of law. In view thereof, the point of error violates the provisions of T.R.C.P. 418 and is multifarious and too general to invoke consideration on appeal. See 3–B Tex.Jur., pp. 121–126, "Appeal and Error", secs. 747 and 748, relating to multifariousness.

The remaining points on appeal have been considered by this court and are overruled. In view of the manner of disposition of the appeal the points need not be discussed.

Reversed and remanded for another trial.