## CITY OF AUSTIN V. WILLIAM C. PHIPPS

No. A-8023. Decided March 15, 1961
Rehearing overruled April 12, 1961
(344 S.W. 2d Series 673)

*Doren R. Eskey,* City Attorney, and *C. J. Taylor, Jr.* and *Thomas R. Hunter,* Assistant City Attorneys, Austin, for petitioner.

*Cofer & Cofer* and *Douglas D. Hearne,* of Austin, for respondent.

MR. JUSTICE STEAKLEY delivered the opinion of the Court.

Respondent, William C. Phipps, sued Petitioner, City of Austin, for a judgment declaring and establishing his rights to an injury leave of absence under the provisions of Section 26 of Article 1269m, Vernon's Annotated Civil Statutes. Section 26, as relevant here, reads as follows:

> "Provided that all such cities coming under the provisions of this Act shall provide injury leaves of absence with full pay for periods of time commensurate with the nature of injuries received while in line of duty for at least one (1)

year. At the expiration of said one-year period, the City Council or governing body may extend such injury leave, at full or reduced pay, provided that in cities that have a Firemen's or Policemen's Pension Fund, that if said injured employee's salary should be reduced below sixty per cent (60%) of his regular monthly salary, said employee shall be retired on pension until able to return to duty."

Respondent did not present his claim for injury leave benefits to the Firemen's and Policemen's Civil Service Commission of Petitioner and did not appeal to the Commission upon the denial of such benefits by Petitioner.

The Austin Court of Civil Appeals held that there is no provision in Article 1269m affording Respondent an administrative review of his claim under Section 26, and hence no requirement that Respondent exhaust administrative remedies. 337 S.W. 2d 427. Writ of error was granted upon this point on the 18th day of January, 1961.

Previously, the San Antonio Court of Civil Appeals had considered a like question pertaining to Section 22a of Article 1269m, and by a divided court held that the Civil Service Commission is given by the statute "at least the implied power to pass upon * * * reinstatement in the first place," and that "the Legislature has impliedly made the action of the Civil Service Commission final and provided for no judicial review." City of San Antonio v. Stauffer, 331 S.W. 2d 443, 445, 446.

Writ of error was granted in the Stauffer Case on the 5th day of October, 1960, and on the 1st day of March, 1961, this Court held that the power to hear and determine the right to reinstatement under Section 22a is not conferred upon the Civil Service Commission by Section 22a or other provisions of Article 1269m.

The reasoning in the Stauffer opinion, and the authorities cited, are applicable and controlling with respect to Section 26 of Article 1269m, and we hold here, as we did in Stauffer, that Article 1269m does not provide an administrative remedy.

We have also considered the points of error urged by Petitioner in the case at bar which are not common to the Stauffer decision, and likewise affirm the judgment of the Court of Civil appeals in these respects.

From our holding that Article 1269m does not provide an administrative remedy, it logically follows that the administrative procedures of Artice 1269m do not apply to the settlement of claims under Section 26, and thus Respondent's claim is not barred by limitations under Section 18 (aside from the question of the applicability of Section 18 in any event) because of his failure to file suit within ten days after refusal of injury leave benefits by Petitioner.

Petitioner also contends that it was relieved as a matter of law from any liability to Respondent for injury leave benefits because of the provisions of Section 6.8b of its Personnel Policies, reading as follows:

"Section 6.8b. An employee who is physically able and who fails to report within 24 hours any injury, however minor, to his foreman or supervisor and takes such first aid treatment as may be necessary shall not be eligible for injury leave. * * * ."

The fire fighting accident from which Respondent's injury resulted occurred at approximately 3:00 p.m. on February 15, 1958, and at 12:30 p.m. on February 17, 1958, Respondent reported his injury. The jury found in answer to Special Issue No. 6 (of which issue Petitioner complains) that Respondent reported his injury within twenty-four hours after it became apparent to him that his injury was of sufficient seriousness to report.

It appears, as found by the Court of Civil Appeals, that Respondent felt no pain when one of his legs went through the burned floor of the building while fighting the fire and he paid little attention to the accident; that the injury was not to Respondent's leg, but his back became sore and painful some forty hours later, whereupon, after consulting a doctor, Respondent immediately reported the injury to his superior.

We hold that the application of Section 6.8b as a bar to Respondent's statutory injury leave benefits, as contended by Petitioner, would be unreasonable, and, further, that the submission of Special Issue No. 6 was proper. See in this connection City of Waco v. Landingham, 138 Texas 156, 157 S.W. 2d 631.

Petitioner also complains of the submission of Special Issues Nos. 3 and 5, which were as follows:

"SPECIAL ISSUE NO. 3: Do you find from a preponderance of the evidence that all of the work days missed by Phipps between February 17, 1958, and April 24, 1958, resulted from said injury, if you have found that he was injured? Answer 'yes' or 'no.'"

"SPECIAL ISSUE NO. 5. Do you find from a preponderance of the evidence that the period between February 17, 1958, and April 24, 1958, during which Plaintiff was absent from work as a result of his injury previously inquired about, were periods of time which are commensurate with the nature of such injury received while in the line of duty, if you have found such an injury?

"Answer 'yes' or 'no.' In connection with the foregoing Special Issue you are instructed by the term 'commensurate period' is meant a period of time which is reasonably necessary under the circumstances inquired about."

■ Petitioner asserts that Special Issue No. 3 suggested what its answer should be, and that Special Issue No. 5 is duplicitous, was confusing to the jury, and was not supported by the evidence.

We perceive no suggestion in Issue No. 3 adverse to Petitioner; as a matter of fact, and as pointed out by the Court of Civil Appeals, the issue as framed could have been to the advantage of Petitioner in requiring the jury to find that without exception every work day missed by Respondent for the period in question resulted from his injury.

Issue No. 5 related to and was conditioned upon the answer of the jury to Issue No. 3, and as such the issue was not error as duplicitous. It was framed to reach the correlative statutory provision that injury leave benefits are limited to a period of time commensurate with the nature of the injury. We see no serious basis for jury confusion in the wording of the issue, and agree with the Court of Civil Appeals in its analysis of the evidence supporting the affirmative jury finding.

The judgment of the Court of Civil Appeals is affirmed.