Oscar W. LEE, Appellant,

v.

FIREMEN'S AND POLICEMEN'S CIVIL SERVICE COMMISSION OF SAN ANTONIO, Appellee.

No. 15425.

Court of Civil Appeals of Texas, San Antonio.

June 11, 1975.

Rehearing Denied July 16, 1975.

Pepos S. Dounson, San Antonio, for appellant.

Crawford B. Reeder, City Atty., Jake N. Talley, Jr., Asst. City Atty., San Antonio, for appellee.

KLINGEMAN, Justice.

This is a suit by a fireman, Oscar W. Lee, to declare invalid a regulation of the Firemen's and Policemen's Civil Service Commission of San Antonio and to enjoin the certification, placement and consideration of the name of another fireman ahead of appellant for the position of assistant fire chief. A temporary injunction was initially granted to appellant, but, after a hearing, the temporary injunction was dissolved and the cause dismissed for want of jurisdiction.

On September 10, 1974, appellant and four other persons took a promotional examination for assistant fire chief. Appellant and Roger Penrod each had a test grade of 93 and each was given ten points for seniority, or a total of 103 points each, resulting in a tie between appellant and Roger Penrod. Efficiency reports were then used in determining whose name would first appear on the promotional eligibility list, culminating in Penrod being placed third and appellant fourth.

The regulation complained of is dated December 16, 1958, and provides a method of breaking ties on promotional examinations for firemen and policemen. The pertinent portions here involved provide substantially as follows: in the event of a tie on total scores on a promotional examination, the contestant with the highest score on a written examination will be placed ahead of others on the eligible list. If the written score does not break a tie, the contestant with the highest efficiency rating shall be placed ahead of others in the tie on eligibility list. If this does not break the tie, the contestant with seniority in rank from the eligibility list will be listed ahead of others in the tie on the eligibility list.

Appellant asserts that the trial court erred in dissolving its temporary injunction and in dismissing the suit for want of jurisdiction because: (1) the district court had jurisdiction to review and declare invalid a regulation of an administrative agency which exercises powers not expressly granted to it by the legislature nor necessarily implied from the authority conferred or duties imposed upon it; (2) the district court has jurisdiction to declare invalid a regulation of an administrative agency which denies the appellant an equal right

granted to him by a statute; (3) the district court has jurisdiction to review and declare invalid a regulation of an administrative agency which is legislative and unconstitutional.

Appellee contends that the trial court did not err in dissolving its temporary injunction and dismissing the suit for want of jurisdiction because: (a) Article 1269m, Tex.Rev.Civ.Stat.Ann. (1963), authorizes the Firemen's and Policemen's Civil Service Commission to make rules and regulations governing promotions; (b) there is no statutory provision for an appeal in this situation; (c) there is no contention by appellant that his constitutional rights were violated.

Article 1269m, among others things, provides that the Civil Service Commission has the power to make rules for the conduct of its business, including the employment, promotion, demotion, suspension and discharge of firemen and policemen and further provides that the Commission shall make rules and regulations governing promotions and shall hold promotional examinations to provide eligibility lists for each classification in the police and fire departments. Another section provides that the Commission shall formulate proper procedure and rules for semi-annual efficiency reports and grade each member of the police and fire departments, which efficiency reports shall be made on each man by his immediate superior, and each efficiency report shall be based on 30 points as the highest grade in efficiency. Although the statute contains provisions for appeal of certain types of orders, such as suspension or discharge, there is no provision in the statute for appeal with regard to the decisions of the Commission in the situation here involved.

When the legislature creates an administrative agency, the legislature may prescribe rules and regulations governing the administrative body and the methods by which the rights determined by such a body shall be enforced. Judicial review of administrative action may be specifically provided or specifically denied by the legislature, or the legislature may simply be silent on the subject. Even where judicial review is specifically provided, it will be denied if the legislature requires the court to substitute itself for the administrative body and perform purely administrative acts. On the other hand, even where the legislature specifically denies judicial review, decisions of an administrative body may be attacked in the courts if they violate some provision of the State or Federal constitution. But all other decisions of such an administrative body which do not affect vested property rights or otherwise violate some constitutional provision are valid, and the mere fact that the legislature has denied legislative review does not invalidate them. The corollary of this proposition is that the courts should recognize an inherent right of appeal from an administrative body created by an act silent on the question of appeal *only* where the administrative action complained of violates a constitutional provision. *City of Amarillo v. Hancock,* 150 Tex. 231, 239 S.W.2d 788 (1951).

We regard two decisions of the Texas Supreme Court as directly in point and as controlling in the matter before us. In *City of Amarillo v. Hancock, supra,* the Supreme Court held that a captain in the city fire department who was demoted by the Civil Service Commission under procedure set forth in the Civil Service Act (Article 1269m) which did not provide for an appeal from such demotion order, did not have an inherent right of appeal from such order and consequently the district court did not have jurisdiction of such appeal on the grounds that the administrative action complained of violated constitutional right of due process.

*Firemen's and Policemen's Civil Service Commission v. Kennedy,* 514 S.W.2d 237 (Tex.1974), involved an action by a policeman to restrain the Civil Service Commission from removing his name as first of three on the eligibility list for the position of deputy police chief of the city. The trial court granted a temporary injunction, the Court of Civil Appeals affirmed, and the

Supreme Court reversed the judgments below and dismissed the cause, holding that the trial court had no jurisdiction and should have sustained the Commission's plea to the jurisdiction and dismissed the cause. In so doing, the Court reiterated its holding in *City of Amarillo v. Hancock, supra,* and said:

". . . it is not correct to say that every act of the commission is subject to judicial review. We have held to the contrary. In *City of Amarillo v. Hancock,* 150 Tex. 231, 239 S.W.2d 788, the plaintiff Hancock was demoted from captain to driver by the Civil Service Commission of the City of Amarillo on recommendation of the chief of the department. Hancock brought suit in the district court seeking judicial review of the demotion order and a judgment restoring him to the rank of captain. . . . It was held that the statute did not authorize an appeal from an order of demotion and that the district court had no jurisdiction of the suit. The latter holding was based on the rule that an inherent right of appeal from an administrative body created by an act silent on the question will be recognized only where the administrative action complained of violates a constitutional provision. This is the settled law in Texas. See *Texas Liquor Control Board v. Canyon Creek Land Corporation,* Tex.Sup., 456 S.W.2d 891; *Stone v. Texas Liquor Control Board,* Tex.Sup., 417 S.W.2d 385. The court reasoned that Hancock did not have a vested property right in the position of captain. This being so, it concluded that an inherent right to judicial review was not required by due process, which was the only constitutional principle that might have been violated."

*Kennedy* involved a promotional examination for a deputy police chief as required by Section 14 of Article 1269m. The eligibility list was prepared on the basis of the examination scores combined with points for each applicant's seniority and credit for his two most recent semi-annual efficiency reports. On this eligibility list, Captain Kennedy was number one with a score of 90.49 and Captain Clark was number three with a score of 89.37. After a protest by Captain Clark, the Commission directed its secretary to regrade the examinations and to post record scores based upon the answers to questions deemed valid by the Commission. This order was carried out and a revised eligibility list was posted on which Captain Clark was number one with a score of 98.37 and Captain Kennedy was number two with a score of 97.71. In upholding the action of the Commission, the Supreme Court said:

"Any rights or advantages that a particular member of the department may enjoy by virtue of this merit system of advancement are dependent upon, and subject to all the limitations and infirmities of, the statute. In establishing the system, the Legislature was entirely free to require, as it did implicitly, that the commission be the final arbitor with respect to grades and method of grading when an examinee exercised his right of appeal."

In the case now before us, there is no suggestion that the Commission was guilty of fraud or bad faith, and there is nothing in the record to indicate that the Commission acted arbitrarily or capriciously. On its face, the system set up by the Commission to break ties appears fair and reasonable. All of the applicants were subject to the same rules and regulations and the use of efficiency reports to break a tie in determining eligibility for promotion does not discriminate against any of the applicants. The statute itself provides for semi-annual efficiency reports and grading of each member of the fire and police departments. Moreover, the use of efficiency ratings for employees is a widely used and accepted procedure both in the government and in private business, and its use as one of the elements in determining promotional eligibility is sound and logical. Appellant had no vested property rights in the position of assistant fire chief. He was

not denied due process, and the Commission's action was not a violation of any constitutional provision.

There is no provision in the statute for judicial review of the Commission's actions in the matter before us, and the record does not establish any inherent right to judicial review. The trial court properly dismissed the cause for want of jurisdiction. The judgment of the trial court is affirmed.