**CITY OF HOUSTON FIRE FIGHTERS'** and Police Officers' Civil Service Commission, City of Houston, Texas and Sam Nuchia, in his Official Capacity as Chief of Police, Appellants,

v.

Adolph R. MORRIS, Appellee.

No. 14–95–00933–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 10, 1997.

Dissenting Opinion by Justice Amidei, July 17, 1997.

Rehearing Overruled Aug. 21, 1997.

John Fisher, Robert G. Lee, Houston, for appellants.

Robert Anthony Armbruster, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## MAJORITY OPINION

EDELMAN, Justice.

In this police disciplinary action, the City of Houston Fire Fighters' and Police Officers' Civil Service Commission (the "Commission"), the City of Houston, Texas, and Sam Nuchia, in his official capacity as Chief of Police (the "Chief") of the Houston Police Department, (the "Department") (collectively, the "City") appeal a summary judgment granted in favor of Adolph R. Morris on the grounds that (1) the "Chief's complaint" against Morris and the written interrogation based on it did not violate section 143.123 of the Texas Local Government Code; and (2) Morris' appeal to the District Court was not timely filed. We reverse and remand with instructions to dismiss.

## Background

On November 5, 1992, the Department initiated an investigation to determine whether Morris had abused his authority by verbally threatening Yona R. Bell, the mother of his daughter. On November 6, during surveillance by the Internal Affairs Division of the Department (the "IAD"), Morris was observed, while on duty, taking a marked patrol unit outside the city limits to pick up his daughter for visitation.[1]

In January of 1993, IAD began a written interrogation by serving Morris with a complaint and a 48–hour notice to respond in writing. Morris provided a written response to the allegations and later submitted additional information at the Department's request. In April, after this interrogation and the IAD's factual findings were completed, the Chief issued a written reprimand to Morris stating:

> [O]n or about November 6, 1992, ... [Morris] failed to follow proper procedures when [he] went to pick up [his] daughter while on duty and in uniform transport her to [his] residence. Further investigation revealed that [Morris] used a marked police vehicle to transport [his] daughter from her residence, ... which is outside of the incorporated city limits.[2]

Although Morris admitted these allegations in response to requests for admissions, he subsequently appealed the reprimand to the Department, a grievance examiner, and the Commission,[3] all of whom denied him relief.

In September of 1993, Morris filed a petition in district court to appeal the Commission order and for declaratory judgment. The City subsequently filed a motion for summary judgment claiming that Morris' cause of action was barred by the statute of limitations. Morris filed a cross motion for summary judgment claiming that the Commission had no jurisdiction to rule on the written reprimand because the Chief's complaint and written interrogation did not comply with section 143.123 of the Texas Local Government Code.

In June of 1995, the trial court granted Morris' motion for summary judgment and entered an order providing, among other things, that the Commission's order was void for lack of jurisdiction due to the Department's non-compliance with section 143.123;[4]

---

1. The IAD officers did not observe Morris making any verbal threats to Bell.

2. The reprimand stated that the following Department rules had been violated:

   Department Rules Manual, § 2.3—CONDUCT & BEHAVIOR
   Officers whether on-duty or off-duty shall follow the ordinary and reasonable rules of good conduct and behavior and shall not commit any act in an official or private capacity tending to bring reproach, discredit, or embarrassment to their profession or the department. Officers shall follow established procedures in carrying out their duties as police officers and employees of the department, and shall at all times use sound judgment.
   Department Rules Manual, § 2.9—ADHERENCE TO POLICE DUTY

   *Officers shall not devote any of their on-duty time to any activity that is not directly related to the officer's police duties.*
   (emphasis added).

3. *See* TEX. LOC. GOV'T CODE ANN. ch. 143 (Vernon 1988 & Supp.1997).

4. In *Bichsel*, the Texas Supreme Court held that where charges against a policeman before the Civil Service Board were not legally brought under the statute in question, the chief of police was not authorized to remove the policeman on those charges, and the Board "had no authority to proceed to uphold his suspension under them." *See Bichsel v. Carver*, 159 Tex. 393, 321 S.W.2d 284, 287 (Tex.1959). The Dallas Court of Appeals has interpreted this language to mean

and that the written reprimand should be overturned and removed from Morris' personnel file for all purposes.

## Standard of Review

A movant for summary judgment has the burden to show that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). To be entitled to summary judgment, a defendant must either (1) conclusively negate at least one essential element of each of the plaintiff's causes of action, or (2) conclusively establish each element of an affirmative defense to each claim. *Johnson Co. Sheriff's Posse v. Endsley*, 926 S.W.2d 284, 285 (Tex.1996). In reviewing a summary judgment, the nonmovant's evidence is accepted as true, and all doubts regarding the evidence are resolved and all inferences indulged in the nonmovant's favor. *Johnson Co.*, 926 S.W.2d at 285. A summary judgment may be affirmed on any ground asserted in the motion that has merit. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 627 (Tex.1996).

When both parties move for summary judgment, the non-prevailing party may appeal both the granting of the prevailing party's motion as well as the denial of its own. *Holmes v. Morales*, 924 S.W.2d 920, 922 (Tex.1996). The court of appeals may affirm the trial court's summary judgment or reverse and render judgment on the non-prevailing party's motion. *Id.* The appeals court should review the summary judgment evidence presented by both sides, determine all questions presented, and render such judgment as the trial court should have rendered. *Commissioners Court v. Agan*, 940 S.W.2d 77, 81 (Tex.1997).

## Statute of Limitations

■ In its fourth point of error, the City claims that the trial court erred in denying its motion for summary judgment because Morris' cause of action was barred by the statute of limitations. Because this point is dispositive of the appeal, we address it first.

■ To appeal the decision of the Civil Service Commission to the District Court, a police officer may file a petition in district court asking that the decision be set aside. TEX. LOC. GOV'T CODE ANN. § 143.015(a) (Vernon 1988). Importantly, however, "The petition must be filed within 10 days after the date the final commission decision: (1) is sent to the ... police officer by certified mail; or (2) is *personally received* by the ... police officer or by that person's designee." *Id.*[5] (emphasis added).

In this case, the final commission decision was sent to Morris by certified mail on September 2, 1993. Because Morris filed his petition with the district court on September 20, more than ten days after it was sent, the City claims that Morris' petition was not timely filed under section 143.015(a)(1). Morris responds that he did not receive the decision until September 10, as evidenced by the properly addressed Re-

---

that the police department must fully perform all conditions established by the civil service laws "before the hearing examiner *obtains jurisdiction* over the subject matter of the removal of an officer." *See City of Carrollton v. Popescu*, 806 S.W.2d 268, 271 (Tex.App.—Dallas 1991, no writ) (emphasis added). We interpret *Bichsel* to simply say that the Civil Service Board could not *uphold* a suspension based on defective charges, but not that the Board thereby lacked jurisdiction to decide the matter. In any event, because we conclude in this case that the district court lacked jurisdiction over Morris'case due to the untimely filing of his appeal, neither the district court nor this court can review the Commission's action.

5. We interpret this ten day appeal period to be a general statute of limitations. *See City of Austin v. Phipps*, 337 S.W.2d 427, 432 (Tex.Civ.App.—Austin 1960), *aff'd*, 162 Tex. 112, 344 S.W.2d 673, 675 (Tex.1961) (both opinions holding that the particular claim in question was not of a type to be subject to the *limitations* provision set forth in former article 1269m, section 18, the predecessor statute to section 143.015); *see also Ealey v. Insurance Co. of North America*, 660 S.W.2d 50, 52 (Tex.1983) (holding provision setting time period in which to appeal Industrial Accident Board decision to be a general statute of limitation). Compliance with such a requirement is necessary to invoke the district court's jurisdiction. *See Ealey*, 660 S.W.2d at 52. Thus, when

turn Receipt card,[6] and he filed his appeal on September 20, within ten days of his actual receipt pursuant to section 143.015(a)(2). Thus, the issue in this case is whether the phrase "personally received" in section 143.015(a)(2) applies to notification sent by certified mail under subsection (a)(1).

■ On the one hand, a court should not read a statute to create an absurd result. *Barshop v. Medina County Underground Water Conservation Dist.*, 925 S.W.2d 618, 629 (Tex.1996).[7] Similarly, too literal a construction of a statute, which would prevent the enforcement of it according to its true intent, should be avoided. *Id.*

On the other hand, where the language of a statute is unambiguous, courts must seek the intention of the Legislature as found in the plain meaning of the words used. *Memorial Hospital—The Woodlands v. McCown*, 927 S.W.2d 1, 2 (Tex.1996). If possible, we must give effect to all of the words of the statute and not treat any statutory language as surplusage. *Chevron Corp. v. Redmon*, 745 S.W.2d 314, 316 (Tex.1987). Similarly, we must reject an interpretation of a statute that defeats the purpose of the legislation so long as another reasonable interpretation exists. *Nootsie v. Williamson*

*County Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex.1996).

Neither chapter 143 of the Local Government Code nor its predecessor statute, article 1269m,[8] states whether or how the Commission is required to give notice of its decisions. Article 1269m, section 18, required a fireman or policeman who was dissatisfied with a decision of the Commission to file an appeal in the district court within ten days after rendition of the Commission's final decision, *i.e.*, without regard to whether notification of it was sent or received. By contrast, although section 143.015 also does not indicate that notification is *required*, it states the period of limitations only with regard to decisions which are either sent by certified mail or personally received.

Morris interprets the phrase "personally received" as meaning "actually received" such that a police officer has ten days from the date of actual receipt of the Commission's order to file his appeal regardless of how the decision is provided to him.[9] In support of this interpretation, he argues that a police officer can't appeal a commission decision until he receives notice of it, and that, due to delays in handling, a decision could be delivered by certified mail more than ten days after it is sent.[10]

---

a party fails to file suit within the prescribed time, his right to appeal is lost. *See id.*

**6.** The record does not reflect when Morris was notified by the Postal Service that it had an item of certified mail for him.

**7.** Analogously, appellate rules are to be construed liberally, when possible, so that the right to appeal is not lost by creating a requirement not absolutely necessary from the literal words of the rule. *Kunstoplast of America, Inc. v. Formosa Plastics Corp.*, 937 S.W.2d 455, 456 (Tex. 1996).

**8.** *See* Tex.Rev.Civ. Stat. Ann. Art. 1269m (repealed 1987).

**9.** The City contends that if the Legislature had intended the ten day period to run from the date of receipt of a decision by certified mail, it would have had no reason to include any reference to the date sent since the date of receipt would always come later and, thus, always apply. However, this argument overlooks the possibility that certified mail is *never* received, such as due

to an incorrect address or the addressee's refusal to accept delivery.

**10.** Morris also argues that actual receipt is controlling based on *Temple Ind. Sch. Dist. v. English*, 896 S.W.2d 167, 169 (Tex.1995). However, *Temple* addressed evidence of actual receipt to rebut a *presumption* of notice on the date a notification is mailed pursuant to the applicable statute. *See* Tex. Gov't Code Ann § 2001.142(c) (Vernon 1997) ("A party or attorney of record notified by mail ... is *presumed* to have been notified on the date on which the notice is mailed.") (emphasis added); *see generally* Linda Addison, *Rebutting Presumptions of Notice*, 58 Tex. B.J. 516 (1995). By contrast, in this case, there is no such presumption of notice to be rebutted because section 143.015 specifically sets out the events that trigger the ten day appeal period.

Nor have we found a provision in the Local Government Code which, like Texas Rule of Civil Procedure 21a, extends the time for a prescribed act where the notice triggering the applicable time period is sent by mail.

However, the primary difficulty with section 143.015(a) is not in allowing only ten days from the date a Commission decision is *sent by certified mail*.[11] As noted above, its predecessor statute,[12] in effect forty years,[13] was even more restrictive in allowing ten days "after the rendition of [the Commission's] final decision" without regard to whether it was sent or received. Similarly, an appeal of an action *to* the Commission must be filed within 10 days after the date the action occurred. TEX. LOC. GOV'T CODE ANN. § 143.010(a) (Vernon 1988).

■ Instead, the confusing aspect of section 143.015(a) is its failure to more clearly delineate between a decision being (a) sent by certified mail and (b) *"personally"* received." However, numerous Texas statutes distinguish between the giving of notification personally as contrasted from by mail.[14] In the context of such notification provisions, the term "personally" consistently *refers to* or suggests delivery in person or by an agent or representative of the party giving notification, and as wholly distinct from service by mail. In light of this clear and uniform distinction throughout the statutes, and having found no authority in which "personally" has been used to mean "actually" or otherwise to refer to notification by mail, we are persuaded that the same distinction between sending by mail and personal receipt was intended, although poorly stated, in section 143.015(a). Because the interpretation urged by Morris would eliminate this distinction and thereby disregard the intended and widely used meaning of the word "personally" in this context, we interpret the phrase "personally received" in section 143.015 not to apply to decisions sent by certified mail pursuant to subsection (a)(1).

Therefore, because Morris' petition was not filed with the District Court within ten days of the date the Commission decision was sent to him by certified mail, the petition was not timely and the District Court had no jurisdiction to decide the case. Consequently, the City's fourth point of error is sustained, and, because that point is dispositive of the appeal, we do not reach the City's three remaining points of error. Accordingly, the judgment of the trial court is reversed and the case is remanded to the trial court with instructions to dismiss Morris' cause of action for lack of jurisdiction.

## APPENDIX

*See, e.g.,* TEX. ALCO. BEV.CODE ANN. §§ 11.63 (Vernon 1995) ("notice of hearing . . . may be served *personally* by a representative of the commission or sent by registered or certified mail. . . ."), 11.65 (Vernon 1995) ("notice . . . shall be given . . . *personally* or by registered or certified mail."); TEX. CIV. PRAC. & REM.CODE ANN. §§ 17.065(a) (Vernon 1986) ("If the notice of service on the chairman cannot be effected by registered or certified mail or if the nonresident or agent refuses to accept delivery of the notice, the plaintiff may have the defendant *personally* served . . . ."), 171.005(a) (Vernon Supp.1997) ("the arbitrators shall . . . cause notification [of the hearing] to be served *personally* or by registered or certified mail. . . ."); TEX. EDUC. CODE ANN. §§ 51.911(c) (Vernon 1996) ("the notification . . . shall be delivered . . . *personally* . . . or by certified mail . . . ."), 51.925(c) (Vernon 1996) ("Notice . . . shall be *personally* delivered to the chairman . . . or [sent] by certified mail . . . addressed to the chairman."); TEX. FAM.CODE ANN. § 53.07(a) (Vernon 1996) ("service of the summons may be made either by delivering a copy to him *personally* or mailing a copy to him by registered or certified mail. . . ."); TEX. GOV'T CODE ANN. §§ 466.155(b) (Vernon Supp.1997) ("A notice may be served . . . *personally* or sent by certified or registered mail . . . ."), 466.160(d) (Vernon Supp.1997) ("The notice

---

11. Indeed, in this case, Morris received the order with two days remaining in the ten day period, and does not contend that this afforded him inadequate time to appeal. Moreover, if his late filing arose from interpreting the statute to allow ten days from receipt, such an interpretation might also have caused him to file an untimely appeal even if the mail delivery had been sooner.

12. *See* TEX.REV CIV. STAT ANN. Art. 1269m, § 18 (repealed 1987) (current version at TEX LOC. GOV'T CODE ANN. § 143.015 (Vernon 1988)).

13. *See* TEX. LOC GOV'T CODE ANN § 143.015 & historical note (Vernon 1988).

14. *See* Appendix.

must be *personally* served ... or sent by certified mail"), 2001.142(a) (Vernon 1997) ("A party ... shall be notified either *personally* or by first class mail of any decision or order."); TEX. LAB.CODE ANN. §§ 51.042(a), 61.091(a), 213.059(a) (Vernon 1996) (the commission may notify *personally* or by mail); TEX. PARKS & WILD.CODE ANN. § 12.503(b) (Vernon 1991) ("The notice under this section must be given *personally* or by registered or certified mail."); TEX. TAX CODE ANN. §§ 111.021(a) (Vernon 1992) ("the comptroller may notify *personally* or by registered mail...."), 113.103 (Vernon 1992) ("Notice ... must be ... served by certified mail ... or served *personally* ...."), 151.258(a) (Vernon 1992) ("notice of the sale may be given *personally* or by mail ....") 152.068(d) (Vernon 1992) ("Notice required by this section ... may be served either *personally* or by mail."), 153.0061(e) (Vernon Supp.1997) ("The notice must be *personally* served ... or sent by certified or registered mail ...."), 154.1141(e) (Vernon Supp.1997) ("The notice must be *personally* served ... or sent by certified or registered mail...."), TEX. TAX CODE ANN. § 155.0591(e) (Vernon 1997) ("The notice must be *personally* served ... or sent by certified or registered mail...."); TEX. TRANSP. CODE ANN. § 286.047(c) (Vernon 1997) ("commissioners court shall mail or *personally* deliver written notice of the hearing...."); TEX.REV.CIV. STAT. ANN. arts. 41a–1, § 22(b)(1) (Vernon Supp.1997) ("notice ... shall be served ... either *personally* or ... by registered or certified mail ...."), 179d, § 16(f) (Vernon Supp.1997) ("The notice must be *personally* served ... or sent by certified or registered mail ...."), 179e, § 16.14 (Vernon Supp.1997) ("The court shall then issue an order ... which ... shall be served ... *personally* or by registered mail ...."), 342–8.102(b) (Vernon Supp.1997) ("notice ... must be ... *personally* delivered or sent by registered or certified mail ..."), 489e(f) (Vernon Supp.1997) ("Parties ... shall be notified promptly either *personally* or by mail ...."), 717m–1, § 8 (Vernon Supp.1997) ("The court shall then issue an order ..., which ... shall be served ... *personally* or by registered mail ...."), 852a(6) (Vernon 1964) ("Parties ... shall be promptly notified either *personally* or by mail...."), 1396–2.11 (Vernon 1997) ("notice ... shall be delivered ... either *personally*, ... or by mail ...."), 1528b § 14 (Vernon 1997) ("notice ... shall be delivered ... either *personally* or by mail ...."), 1528c, § 12 (Vernon 1997) ("notice ... shall be given ... either *personally* or by mail ...."), 4413 (29bb), § 11D(d) (Vernon Supp.1997) ("notice must be *personally* served ... or sent by certified or registered mail ...."), 4495b, § 2.09(I) (Vernon Supp.1997) ("subpoenas ... may be served either *personally* by the board's investigators or by certified mail ... "), 4525(f) (Vernon Supp.1997) ("subpoenas ... must be served either *personally* by a board investigator, by certified mail, or in any other manner authorized by law."), 6138A § 11.10(A) (Vernon Supp.1997) ("Written or printed notice ... shall be delivered ... either *personally* or by mail ...."), 6573a.2, § 12A(a) (Vernon Supp.1997) ("notice ... shall be *personally* delivered or mailed ...."), 8700, § 7(d) (Vernon Supp. 1997) ("notice may be served by delivery of the notice *personally* ... or ... by certified mail...."), 8817, § 22(2) (Vernon Supp. 1997) ("notice ... may be served *personally* ... or sent by United States certified mail...."); TEX. BUS. CORP. ACT art. 2.25(A) (Vernon Supp.1997) ("notice ... shall be delivered ... either *personally* or by mail...."), 4.08(2) (Vernon Supp.1997) ("notice shall be given ... either *personally* or by mail...."), 12.22(E) (Vernon Supp.1997) ("corporation shall deliver a copy of the statement ... either *personally* or by mail....").

AMIDEI, Justice, dissenting.

I respectfully dissent.

The purpose of controlling rule TEX. LOC. GOVT.CODE ANN. § 143.015(a) (Vernon 1988) is to give 10 days notice to the policeman in order that he will have time to prepare an appeal if he so desires. The majority opinion would give Morris only two days to appeal as time would have expired on September 12, 1993, two days after he received the Decision. This would be unfair, unreasonable and absurd. This is not what is intended by the statute. It would violate Morris' right to due process under the 14th Amendment.

*Mullane v. Central Hanover Bank & Trust,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Statutes giving and regulating the right to appeal should be liberally construed in favor of the right. GOVERNMENT CODE § 312.006; *Hamilton v. Empire Gas & Fuel Co.,* 134 Tex. 377, 110 S.W.2d 561 (1937); *Lawyers Lloyds of Texas v. Webb,* 137 Tex. 107, 152 S.W.2d 1096, 1098 (1941); *W.C. Turnbow Petroleum Corp. v. Fulton,* 145 Tex. 56, 194 S.W.2d 256, 259 (Tex.1946); *Pratley v. Sherwin–Williams Co. of Texas,* 36 S.W.2d 195, 197 (Tex. Comm'n App.1931, holding approved); *Harding v. Raymondville,* 58 S.W.2d 55, 56 (Tex.Com.App.1933); *Consolidated Furniture Co. v. Kelly,* 366 S.W.2d 922, 923 (Tex.1963); *Perry v. Venable,* 112 S.W.2d 1069 (Tex.Civ.App.1938, writ dism woj); *Walker Ave. Realty Co. v. Alaskan Fur Co.,* 123 S.W.2d 999,1001 (Tex.Civ. App.1938); *Atkins v. Graves,* 367 S.W.2d 372 (Tex.Civ.App.1963, writ ref'd n.r.e.). *Federal Underwriters Exchange v. Bailey,* 175 S.W.2d 618, 620 (Tex.Civ.App.1943, writ ref'd w.o.m.) (Right of Appeal should not be defeated by doubtful or technically ingenious construction and should have doubts resolved in its favor); *Smelcher v. Ingram,* 294 S.W.2d 180, 182 (Tex.Civ.App.1956, writ ref'd n.r.e.) (Within the limitations imposed by law, the reviewing court is obliged to liberally construe the rules and statutes in favor of the right of appeal). The right of judicial review of an administration order is implied where demanded by the constitutional guaranties of due process. *English Freight Co. v. Knox,* 180 S.W.2d 633, 640 (Tex.Civ.App. 1944, writ ref'd, w.o.m.); *Lee v. Firemen's & Policemen's Civil Service Com.,* 526 S.W.2d 553, 555 (Tex.Civ.App.1975, writ ref'd n.r.e.); *Fire Dept. of Ft. Worth v. Ft. Worth,* 147 Tex. 505, 217 S.W.2d 664 (1949); *Board of Ins. Com'rs v. Title Ins. Ass'n,* 153 Tex. 574, 272 S.W.2d 95, 97 (1954).

It would make the intent of the legislature more manifest[1] to construe the word between Subsections (1) and (2) to be "and" instead of "or". That is, the final commission decision (1) is sent to the fire fighter or police officer by certified mail; *and* (2) is personally received by the firefighter or po-

lice officer. This would give the policeman 10 full days to file an appeal. I would construe it that way because to not do so could result in an absurdity and the context favors the conversion. This I believe ascertains the true meaning of this statute consistent with the purposes to be accomplished.

There is ample authority for the rule of construction to construe "or" as meaning "and" and again "and" as meaning "or" as the sense may require where strict grammatical construction will frustrate clear legislative intent. *Peacock v. Lubbock Compress Co.,* 252 F.2d 892, 893 (5th Cir.1958); *Bruce v. First Federal Savings & Loan Asso. of Conroe, Inc.,* 837 F.2d 712 (5th Cir.1988); *see generally* 67 Tex. Jr.3d, Statutes § 101.

I would affirm the trial court.

---

1. GOVERNMENT CODE § 312.005.