Vacated and Dismissed and Opinion filed October 8, 2009.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00209-CV

___________________

 

City of Houston, Appellant

 

V.

 

Thelma J. Tones, Appellee



 



 

On
Appeal from the 55th District Court

Harris County,
Texas



Trial Court Cause No. 2007-25695

 



 

 

OPINION

            This case arises from the City of
Houston’s failure to follow the statutory procedures for disciplining one of
its police officers.  Appellant, the City of Houston, appeals the trial court’s
order granting appellee Thelma Tones’s motion for summary judgment.  Because we
find the district court lacked jurisdiction, we vacate its judgment and dismiss
the case for lack of jurisdiction.   

 

Factual and Procedural Background

            On
June 26, 2005, Houston Police Officer Thelma Tones was dispatched to an apartment
complex concerning a complaint about a bullet going through a female tenant’s
window.  Instead of going to the apartment to investigate, Officer Tones called
the woman on Tones’s cellular telephone and asked the woman to call back if she
located the bullet.  The woman found the bullet and called police dispatch
again.  The dispatcher sent another message to Officer Tones, asking her to
respond to the scene.  Officer Tones asked the dispatcher if an evening shift
officer could be sent to the apartment in her place.  Another officer then
responded to the complaints and located the bullet.  A subsequent investigation
revealed there was sufficient evidence to prove the woman’s allegations about
the bullet.

            On November 22, 2005, Chief of Police Harold L.
Hurtt signed a detailed suspension letter addressed to the Police Officers’
Civil Service Commission of the City of Houston.  The letter explained Officer
Tones was suspended for five days because of her failure to respond to the
bullet complaints on June 26, 2005.  On November 29, 2005, the Civil Service
Commission received the letter.  On December 2, 2005, Officer Tones signed a
“Receipt of Letter of Temporary Suspension,” indicating that she had received a
copy of “a letter of a five-day temporary suspension from Harold L. Hurtt,
Chief of Police.”  The Civil Service Commission received a copy of this
“Receipt of Letter of Temporary Suspension” on December 5, 2005.   

            Officer Tones timely filed a notice of appeal of
her suspension with the commission.  She requested that an independent hearing
examiner hear her appeal.  A third party hearing examiner was designated from a
panel provided by the American Arbitration Association.  The parties and the
hearing examiner convened on March 8, 2007 for the hearing.  The hearing
examiner issued his decision on April 19, 2007.  Although he found the City had
just cause for suspending Officer Tones, he held the suspension was void under
sections 143.117(c) and (d)(1).  See Tex. Loc. Gov’t Code Ann. §§
143.117(c) and (d)(1) (Vernon 2008).  He stated: “[t]he evidence reflects that
the grievant [Officer Tones] was notified of her temporary suspension on
December 2, 2005, yet the written statement of action was filed with the
Commission on November 29, 2005, a total of three days before Tones was
notified of her suspension.”  He concluded this was a violation of the plain
meaning of section 143.117(c).  See Tex. Loc. Gov’t Code Ann. §
143.117(c) (Vernon 2008).[1] 


            The City appealed to Harris County District Court
by filing an original petition requesting a declaration that the hearing
examiner abused his authority by wrongly applying section 143.117 and voiding
the suspension.  

            Officer Tones responded by filing a motion for
summary judgment alleging: (1) the district court does not have jurisdiction to
hear the appeal under section 143.1016(j); and (2) there are no genuine issues
of material fact relating to the application of section 143.117(c) and (d)(1). 
In response, the city alleged: (1) the issue of the proper jurisdictional
standard for an appeal of a hearing examiner’s award is currently before the
Texas Supreme Court;[2]
and (2) there is a fact issue as to whether a provision in the “Meet and Confer
Agreement” between the City of Houston and the Police Officers’ Union trumps
section 143.117.[3] 


            The district court granted Officer Tones’s motion
for summary judgment, finding the hearing examiner properly applied section
143.117.  The district court did not address whether it had jurisdiction in its
order.  The City timely appealed to this Court.  

 

Discussion

            On appeal, the City raises three issues: (1)
whether the hearing examiner “exceeded jurisdiction” by misapplying section
143.117(c) and (d)(1); (2) whether the district court erred in finding the
hearing examiner correctly interpreted section 143.117(c) and (d)(1); and (3)
whether section 143.1016(j) allows for an improper delegation of power to
hearing examiners because of its limited right to review.  We  address only the
City’s first issue because it is dispositive of this appeal.  

A.        Standard of Review

            Because the question of jurisdiction is a
legal question, we apply a de novo standard of review.  See Hoff v.
Nueces County, 153 S.W.3d 45, 48 (Tex. 2004).  We consider the facts
alleged in the petition and, to the extent it is relevant to the jurisdictional
issue, any evidence submitted by the parties to the trial court.  Tex.
Natural Res. Conservation Comm’n v. White, 46 S.W.3d 864, 868 (Tex. 2001). 


B.        Analysis 

            The cornerstone issue of whether the
district court had jurisdiction to hear an appeal from the hearing examiner’s
award is whether the hearing examiner exceeded his jurisdiction.  See Tex.
Loc. Gov’t Code Ann. § 143.1016(j) (Vernon 2008).  Section 143.1016 of the
Texas Local Government Code establishes procedures governing the review of
certain disciplinary actions against fire fighters and police officers.  See
id.  That provision affords an aggrieved officer the choice to appeal an
adverse disciplinary action to an independent third party hearing examiner
rather than to the Fire Fighters’ and Police Officers’ Civil Service
Commission.  Id. at § 143.1016(a).  In exchange, the aggrieved officer
accepts a significantly circumscribed right to appeal the examiner’s decision,
as provided by section 143.1016(c):

The hearing examiner’s decision is
final and binding on all parties.  If the fire fighter or police officer
decides to appeal to an independent third party hearing examiner, the person
automatically waives all rights to appeal to a district court except as
provided by subsection (j).

Id. at § 143.1016(c). 
Subsection (j) provides in pertinent part:

A district court may hear an
appeal of a hearing examiner’s award only on the grounds that the arbitration
panel was without jurisdiction or exceeded its jurisdiction or that the order
was procured by fraud, collusion, or other unlawful means.  

Id. at § 143. 1016(j).  

The Texas Supreme Court decided that the circumscribed right
to appeal applied not only to the aggrieved officer, but also to the City.  City
of Houston v. Clark, 197 S.W.3d 314, 324 (Tex. 2006).  The issue in the
case at bar is the interpretation of the phrase “exceeded its jurisdiction” as
provided by section 143.1016(j).

            Recently, the Texas Supreme Court enunciated a
test for the term “exceeding jurisdiction.”  City of Pasadena, 2009 WL
2667599, at *4.  The Court explained: “The most accurate test we can state is
that a hearing examiner exceeds his jurisdiction when his acts are not
authorized by the Act or are contrary to it, or when they invade the
policy-setting realm protected by the nondelegation doctrine.”  Id. 
Thus, we must determine whether the decision of the hearing examiner was not
authorized by the Act, was contrary to the act, or invaded the policy-setting
realm protected by the nondelegation doctrine.  See id. 

                        1.         The
City of Pasadena

            In City of Pasadena, the Pasadena
Police Chief suspended a police officer indefinitely.  Id. at *1.  The
officer appealed his suspension to an independent hearing examiner.  Id. 
When the hearing convened, counsel for Pasadena announced ready, but counsel
for the officer moved to overturn the suspension and reinstate the officer immediately
because the Police Chief—the department head on whose statements the suspension
was based—was not present.  Id.  Pasadena’s counsel stated he was
prepared to prove the grounds for the suspension through the Assistant Chief,
who was present.  Id.  The hearing examiner agreed with the police
officer’s counsel, concluding the charges should be dismissed.  Id.  The
hearing concluded in less than half an hour without any evidence being heard.  Id. 
In his written decision, the hearing examiner ruled the officer should be reinstated,
be fully compensated for the time he had been suspended, and have all service
credits and benefits restored.  Id.  The hearing examiner based his
decision on section 143.1015 of the Texas Local Government Code, which  applies
only to cities with a population of at least 1.5 million.  See Tex. Loc.
Gov’t Code Ann. § 143.1015 (Vernon 2008).  The City of Pasadena does not meet
such a population requirement.  City of Pasadena, 2009 WL 2667599, at
*1.

            The City petitioned the district court for
review.  Id. at *2.  The district court found the City’s petition was
untimely.  Id.  The City appealed to the First Court of Appeals, where
that court, without addressing the timeliness of the appeal, held that the
district court had no jurisdiction over the case under section 143.057(j) of
the Act.[4] 
See Tex. Loc. Gov’t Code Ann. § 143.057(j).  The First Court reasoned
that none of the grounds granting a district court jurisdiction for an appeal
from the decision of a hearing examiner had been met.  City of Pasadena,
263 S.W.3d at 85.  The City’s primary argument for jurisdiction was the hearing
examiner applied the wrong law—i.e., he applied a statute that only
applies to municipalities with a population over 1.5 million—and therefore, the
hearing examiner exceeded jurisdiction.  Id. at 84.  The First Court
held that although the hearing examiner erred in applying section 143.1015, he
had the authority to interpret and apply the statutory provisions and rules
adopted by the legislature.  Id. at 85.  The First Court further held
that such error in applying the law does not challenge the hearing examiner’s
jurisdiction and, thus, does not meet the requirements of section 143.057(j).  Id. 


            The Texas Supreme Court reversed the decision of
the First Court of Appeals and further clarified the term “exceeding
jurisdiction” as found within sections 143.057(j) and 143.1016(j).  City of
Pasadena, 2009 WL 2667599, at *4–5.  The Court held that the hearing
examiner exceeded his jurisdiction in summarily reversing an officer’s
indefinite suspension and reinstating him with back pay and full benefits
because the Act requires a hearing examiner to reach a decision based on
evidence.  Id. at *1.  The Court reasoned that the hearing examiner
applied an inapplicable provision and consequently acted contrary to the Act.  Id.
at *4.  The Court stated: “the Act does not empower a hearing examiner to make
rules.  He [the hearing examiner] had no authority to impose on the City a
requirement that the Act makes quite clear does not apply.”  Id. 


                        2.         The
case at bar

            In the case at bar, the City argues the
hearing examiner exceeded jurisdiction by wrongly applying section 143.117. 
The City contends the hearing examiner erred by finding the department head did
not file the written statements of action timely.  The City advances numerous
arguments for this contention.  In its brief, the City argues the statute
should be construed as requiring only substantial compliance.  There is no case
support for this argument and in fact, the great weight of precedent maintains
Chapter 143 requires strict compliance.  See Bradford v. Pappillion,
207 S.W.3d 841 (Tex. App.—Houston [14th Dist.] 2006, no pet.); Moran v. City of Houston, 58 S.W.3d 159 (Tex. App.—Houston [14th Dist.] 2001, pet. denied); City of Houston Fire Fighters’ & Police
Officers’ Civil Serv. Comm’n v. Morris,
949 S.W.2d 474 (Tex. App.—Houston [14th Dist.] 1997, pet. denied).  During oral
argument, the City advanced another argument, albeit one that was not
adequately briefed.  The City argued the receipt signed by Officer Tones on
December 2, 2005 when she was given a copy of the suspension letter, which was
subsequently filed with the Civil Service Commission on December 5, 2005,
constitutes the “written statement of action” required by section 143.1016(j). 
Thus, the City contends by filing the signed receipt with the Civil Service
Commission 120 hours after Officer Tones received notice, the City complied
with the statute.  The City has no authority for this argument, nor do we find
it persuasive.  The “written statement of action” is the four page letter from
the Chief of Police detailing Officer Tones’s breach of duty and her
suspension.  This was filed with the Civil Service Commission on November 29,
2005—before Officer Tones received notice on December 2, 2005.  The “written
statement of action” is not the single page document acknowledging Officer
Tones’s receipt of her letter of suspension.  

            The situation in
the case at bar is unlike the situation in City of Pasadena.  The
hearing examiner in City of Pasadena applied an unquestionably
inapplicable provision of the Act.  Here, the City does not argue the hearing
examiner acted outside the scope of the Act, or applied an inapplicable
provision.  Rather, the City contends the hearing examiner incorrectly
interpreted the applicable provision.  The Texas Supreme Court stated in City
of Pasadena: “‘[a]sserting that a decision made by the hearing examiner is
incorrect is not the same as asserting that the examiner did not have
jurisdiction.’”  City of Pasadena, 2009 WL 2667599, at *4 (quoting City
of Pasadena, 263 S.W.3d at 85).  In fact, the Texas Supreme Court provided
two situations where a hearing examiner exceeds jurisdiction: (1) when his acts
are not authorized by the Act or are contrary to it, or (2) when they invade
the policy-setting realm protected by the nondelegation doctrine.  Neither is
present here.  We hold that unfounded allegations of misapplication of law do
not amount to exceeding jurisdiction under the Texas Supreme Court’s newly
enunciated test.  Therefore, the district court had no jurisdiction to hear the
City’s appeal under section 143.1016(j) because the hearing examiner did not
exceed his jurisdiction.

 

 

 

 

 

 

 

 

 

Conclusion

            Because
we hold the district court did not have jurisdiction to reach a decision on the
merits, we vacate the judgment of the district court and dismiss the case for
lack of subject matter jurisdiction.

 

                                           /s/        John
S. Anderson

                                                                        Justice

                                                                        

                                                                        

 

Justices consists of Justices Anderson, Seymore,
and Boyce.

 









[1] Section 143.117(c) provides: “If a department head
suspends a fire fighter or police officer, the department head shall, within
120 hours after the fire fighter or police officer is notified of the
suspension, file a written statement of action with the commission.” Tex. Loc.
Gov’t Code Ann. § 143.117(c) (Vernon 2008) (emphasis added).





[2] Appellant is referring to
City of Pasadena v. Smith, 263 S.W.3d 80 (Tex. App.—Houston [1st Dist.]
2006), rev’d, No. 06-0948, 2009 WL 2667599 (Tex. Aug. 28, 2009). 





[3] The “Meet and Confer Agreement”
is a governing document between the City of Houston and the Houston Police
Officers’ Union.  The “Meet and Confer Agreement” supersedes the Texas Local
Government Code where provisions conflict, pursuant to section 143.361.  See
Tex. Loc. Gov’t Code Ann. § 143.361 (Vernon 2008).  





[4] Section 143.057(j) is
parallel to the jurisdictional statute at issue in the case at bar, section
143.1016(j).  However, section 143.1016(j) only applies to municipalities with
a population over 1.5 million.  See Tex. Loc. Gov’t Code Ann. §
143.101(a) (“Except as otherwise provided, this subchapter [G, containing
sections 143.101-.135, including 143.1016] applies only to a municipality with
a population of 1.5 million or more.”).